IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 24-mc-330 (CFC) |
| | ) |
| OMNI BRIDGEWAY (USA) LLC, | ) |
| | ) |
| Respondent. | ) |

## RESPONDENT OMNI BRIDGEWAY'S MOTION TO TRANSFER

1. Pursuant to Federal Rule of Civil Procedure 45(f), respondent Omni Bridgeway (USA) LLC ("Omni") moves to transfer the subpoena-related action, including the pending motion to compel at D.I. 1 ("Action") to the Northern District of California, which is the Court that issued the subject subpoena and that is presiding over the underlying litigation captioned *MPH Technologies Oy v. Apple Inc.*, No. 3:18-cv-05935 (N.D. Cal.).

2. Federal Rule of Civil Procedure 45(f) allows a court to transfer a motion "to the issuing court if the person subject to the subpoena consents" or if there are "exceptional circumstances." *See* Fed. R. Civ. P. 45; *In re Daimler Truck North America, LLC,* No. 23-90, 2023 WL 2456069, at *2 (D. Del. March 10, 2023) (finding consent of subpoenaed party sufficient to transfer). Here, Omni not only consents to transfer, but requests it. This District has found that consent by the

respondent is sufficient for transfer, thus Omni's consent to transfer renders consideration of other factors unnecessary. *Id.*

3. Though not required where there has been consent, there are also exceptional circumstances in this Action that warrant transfer. *See N. Atl. Operating Co., Inc. v. Dunhuang Grp.*, C.A. No. 18-MC-154, 2018 WL 3381300, at *2 (D. Del. July 11, 2018) (finding that extraordinary circumstances existed in the case "such that transfer [of a motion to compel wa]s warranted so as to not disrupt the issuing court's management of the [u]nderyling [a]ction" and finding that transfer was "likewise appropriate" and would "promote judicial economy and avoid the risk of inconsistent rulings" because the issuing court "[wa]s better suited to decide whether the subpoena should be enforced").

4. Transfer of this Action promotes judicial economy and prevents the risk of inconsistent rulings. The Northern District of California has been presiding over the underlying litigation since 2018. Based on a review of publicly available information on the docket in the underlying litigation, as well as representations from counsel for Apple, Apple propounded party discovery on plaintiff MPH Technologies ("MPH") seeking documents and information that overlap with the categories of documents and information Apple now seeks to compel third party Omni to produce. MPH, like Omni, has objected to such requests on the grounds that it seeks the production of documents and information that are not relevant to

any claims or defenses in the underlying litigation. Apple filed a motion to compel this information from MPH, which would require a determination by the trial court on the question of relevancy. Ex. A. On June 26, 2024, the trial court denied the motion without prejudice, issuing an order that the parties further meet and confer before "seeking judicial intervention as a last resort." Ex. B. Apple filed its motion to compel Omni one week later.

5. The trial court in the Northern District of California is in the best position to rule on the motion to compel discovery from Omni—particularly as there are key questions of relevance—as it is already familiar with the facts of the case and Apple's related discovery requests to MPH. The trial court will issue a ruling on whether MPH must produce documents and information that overlap with those requested of Omni. Accordingly, the trial court should consider Apple's motion to compel Omni in parallel, so as to avoid inconsistent rulings. *See N. Atl. Operating Co.*, 2018 WL 3381300, at *2.

6. "[T]he Court's primary consideration" in subpoena motion practice "is to avoid burdens on local nonparties subject to subpoenas." *In re Bestwall LLC,* 17-31795, 2021 WL 2209884, at *5 (D. Del. June 1, 2021) (citing the Rule 45 Advisory Committee notes). Maintaining this action in the District of Delaware over Omni's request for transfer to the Northern District of California would burden non-party Omni. *See In Re Daimler,* 2023 WL 2456069, at *2. And, Apple cannot identify

– 3 –

any prejudice it will suffer from a transfer of this Action. Litigating this issue in California is not inconvenient for Apple, a California corporation, with California lawyers party to the underlying California litigation. The trial court has already engaged with the parties on the issues raised in Apple's motion to compel, and discovery in the underlying litigation is not set to close in until October 7, 2024, with trial scheduled for March 24, 2025, as such there is ample time for the trial court to hear and resolve Apple's motion against Omni. To the extent that Apple contends otherwise, Omni is willing to provide its opposition to the motion to compel within 14 days of initiation of the matter in the Northern District of California.

7. During a meet and confer on May 2, 2024, Omni informed Apple that it would consent to transfer any motion to compel against it to the trial court in the Northern District of California, and asked if Apple would stipulate to transfer to avoid unnecessary motion practice before this Court. Ex. C. Apple never responded. *Id.* Omni reiterated its request that Apple consent to transfer when Apple next contacted Omni, two months later, stating it was filing its motion to compel. Apple did not respond. *Id.* Subsequent to Apple's filing its motion to compel, on July 9, 2024, Omni sent a letter to Apple again requesting that it consent to transfer its motion to compel to Delaware. *Id.* Omni's letter also requested that Apple provide any grounds as to why it was opposed to transfer. Apple responded by email stating

only that it was opposed to transfer, and agreeing to meet and confer. *See* D. Del. LR 7.1.1 Statement appended hereto.

8. On July 11, 2024 counsel for the parties, including Delaware counsel, met and conferred. During the call Apple stated it was opposing Omni's request to transfer because "Omni is a Delaware corporation, Apple served the subpoena in Delaware, and therefore the motion to compel should be adjudicated in Delaware." Apple stated no other reasons as to why it was opposed. *See* D. Del. LR 7.1.1 Statement appended hereto.

9. Accordingly, Omni respectfully requests that the above-captioned Action be transferred to the Northern District of California. A [Proposed] Order is attached hereto.

|  | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
|---|---|
|  | */s/ Brian P. Egan* |
| OF COUNSEL: | _____ |
|  | Jack B. Blumenfeld (#1014) |
| Jennifer A. Kash | Brian P. Egan (#6227) |
| Francesca M. S. Germinario | 1201 North Market Street |
| WARREN KASH WARREN LLP | P.O. Box 1347 |
| 2261 Market Street, No. 606 | Wilmington, DE 19899 |
| San Francisco, California, 94114 | (302) 658-9200 |
| (415) 895-2940 | jblumenfeld@morrisnichols.com |
|  | began@morrisnichols.com |
|  |  |
|  | *Attorneys for Respondent* |
|  | *Omni Bridgeway (USA) LLC* |

July 12, 2024

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1.1

Pursuant to District of Delaware Local Rule 7.1.1, Respondent Omni Bridgeway hereby certifies that a reasonable effort has been made to reach agreement with Petitioner Apple Inc. on the matters set forth in Omni's Motion to Transfer. Petitioner Apple Inc. confirmed by email on July 10, 2024 that it does not consent to transfer. The parties, including their respective Delaware counsel, subsequently met and conferred on July 11, 2024, by way of teleconference. Apple stated it was opposed to transfer because Omni is a Delaware corporation, Apple served the subpoena in Delaware, and therefore the motion to compel should be adjudicated in Delaware. No other reason was offered by Apple, the parties were unable to reach agreement, and Apple has since provided no further response altering its position.

*/s/ Brian P. Egan*

_____

Brian P. Egan (#6227)

## **CERTIFICATION OF COMPLIANCE**

Pursuant to the Court's November 10, 2022 Standing Order Regarding Briefing in All Cases, Respondent Omni Bridgeway (USA), LLC hereby certifies that Respondent's Motion to Transfer complies with the word count, type and font requirements as follows: (1) the font used in Respondent's motion and all associated documents is Times New Roman, 14 point; and (2) the word count for such motion is 1,015, whereas the maximum amount of words allowable per Local Rule 7.1.3 and the November 22, 2022 Standing Order is 5000 words.

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| APPLE INC., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) C.A. No. 24-330 (CFC) |
| | ) |
| OMNI BRIDGEWAY (USA) LLC, | ) |
| | ) |
| Respondent. | ) |

## [PROPOSED] ORDER

Having considered Respondent Omni Bridgeway's Motion to Transfer ("Motion") and any opposition thereto, IT IS HEREBY ORDERED THAT:

1. Respondent's Motion is **GRANTED.**

2. The Clerk of Court is hereby directed to transfer this action to the United States District Court for the Northern District of California, whereupon Respondent Omni Bridgeway has agreed, and is hereby ordered, to file its opposition to Apple's Motion to Compel Compliance With Subpoena, no more than 14 days after the matter has been docketed in the Northern District of California.

SO ORDERED this ____ day of _____, 2024

_____
The Honorable Colm F. Connolly
Chief Judge, United States District Court
District of Delaware

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 12, 2024, upon the following in the manner indicated:

Brian A. Biggs, Esquire                                                      *VIA ELECTRONIC MAIL*
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
*Attorneys for Petitioner Apple Inc.*


                                                                    */s/ Brian P. Egan*
                                                                    _____
                                                                    Brian P. Egan (#6227)