# EXHIBIT C

2261 MARKET STREET, NO. 606
SAN FRANCISCO, CALIFORNIA, 94114

WARRENKASHWARREN.COM
+1 (415) 895 2940

July 9, 2024

**By Electronic Mail**

Hannah Cannon
WSC LLP
500 Molino Street, 118
Los Angeles, CA, 90013
hcannom@wscllp.com

**Re:**     *In Re Omni Bridgeway LLC*, Case No. 1:24-mc-00330 (D. Del.)

Hannah:

I write regarding the motion to compel Apple served on Saturday, July 6, 2024 at 9:25 a.m.  Omni consents to the transfer of this motion to the Northern District of California pursuant to Fed. R. Civ. P Rule 45(f).

As you know, when we last met and conferred on May 2, 2024, Omni requested, again, that (i) Apple explain how the information sought by Apple's subpoena was relevant to any claim or defense in the underlying litigation and (ii) Apple provide its position regarding Omni's intention to move to transfer any motion regarding the subpoena to the trial court.  Apple never responded.  Instead, on July 1, 2024 at 4:52 p.m. PDT, after two months of silence, you acknowledged that the parties had more to discuss, and asked to schedule "a further meet and confer" with Omni the very next day.  When Omni was not immediately available due to the July 4 holiday, Apple stated that it was "going to go ahead and file our Motion to Compel in D. Del." and "continue the conversation with you and Delaware local counsel" after filing.

I responded the same day, noting our surprise that you intended to file a motion midway through our most recent meet and confer efforts given Apple still had not informed Omni of its position as to how the information it sought was relevant to the claims or defenses at issue in the underlying litigation.  We informed you that Omni would nevertheless attempt to retain local counsel in Delaware as soon as possible so that the parties could promptly meet and confer under the District of Delaware Local Rule 7.1.1. prior to Apple's filing.

Apple apparently preferred to violate Local Rule 7.1.1., filing its motion for leave to file barely one hour after my email.

Even setting aside Apple's disregard for the District of Delaware's local rules, Apple's motion to compel defies the most basic premise of discovery motion practice—your motion airs for the very first time a smorgasbord of purported bases for relevant discovery, none of which Apple mentioned to Omni over the course of the parties' conferences.

As fact discovery in the underlying litigation is not set to close for several months, there is no explanation for Apple's emergent filing other than manufactured urgency to effect an end run around the trial court's June 26, 2024 Order in the underlying litigation.  The trial court considered, and denied, Apple's motion to compel the same categories of information from party MPH Technologies, finding that the parties had not sufficiently met and conferred, and that in discovery matters "seeking judicial information is a last resort."  Docket No. 144.  Apple's motion to compel these categories of information from non-party Omni instead followed just one week after the trial court's order

Hannah Cannom
July 9, 2024
Page 2

As set forth above, Omni consents to transfer, which Delaware courts have repeatedly found sufficient grounds for a transfer under Rule 45(f).  Transfer of Apple's motion to the Northern District of California is further warranted to avoid inconsistent rulings on the relevancy of the information sought by Apple's requests of both MPH and Omni, and due to the greater familiarity of the trial court with the claims and issues in the underlying litigation.  Please confirm by the end of the day tomorrow, Wednesday, July 10, 2024, whether Apple will stipulate to transfer, or provide the reasons Apple is opposed.

In the event that Apple intends to oppose any request to transfer brought by Omni, Omni requests that Apple agree to a stay of further briefing regarding Apple's motion to compel pending a ruling on transfer.

We, along with Omni's Delaware counsel, are available on Thursday, July 11, 2024, to meet and confer regarding the issues discussed herein.

Thank you for your time and consideration in this matter.

Very Truly Yours,

Jennifer A. Kash

cc:	Brian Biggs (Brian.Biggs@us.dlapiper.com)
	Jack Blumenfeld (jblumenfeld@morrisnichols.com)
	Brian P. Egan (began@morrisnichols.com)