IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 24-mc-330 (CFC) |
| | ) | |
| OMNI BRIDGEWAY (USA) LLC, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT OMNI BRIDGEWAY'S**
**<u>OPPOSITION TO MOTION TO COMPEL</u>**

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
| | Jack B. Blumenfeld (#1014) |
| | Brian P. Egan (#6227) |
| | 1201 North Market Street |
| | P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE 19899 |
| | (302) 658-9200 |
| Jennifer A. Kash | jblumenfeld@morrisnichols.com |
| Francesca M. S. Germinario | began@morrisnichols.com |
| WARREN KASH WARREN LLP | |
| 2261 Market Street, Suite 606 | *Attorneys for Respondent* |
| San Francisco, CA  94114 | *Omni Bridgeway (USA) LLC* |
| (415) 895-2940 | |

July 22, 2024

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

I.      Public Information Regarding Discovery in the Litigation. . . . . . . . . . . . .  4

II.     Apple's End-Run Around Party Discovery . . . . . . . . . . . . . . . . . . . . . . . .  6

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

I.      Apple Cannot Effect an End Run Around the Trial Court . . . . . . . . . . . . . .  8

II.     Apple Has Not Met its Burden to Demonstrate the Relevance of its
        Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

        A.      Information About Litigation Funding is Not Per Se Relevant . . . . . 11

        B.      Apple May Not Fish for Facts Based on Speculation . . . . . . . . . . . 13

        C.      Apple Fails to Establish Relevance to Standing  . . . . . . . . . . . . . . . 15

        D.      Apple Fails to Establish Relevance to Patent Damages . . . . . . . . . .  16

        E.      Apple Fails to Establish Relevance to Trial Themes,
                Pre-Suit Diligence, Etc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

III.    Apple's Own Authority Supports Denial of this Motion  . . . . . . . . . . . . . .  18

CONCLUSION AND RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

## TABLE OF AUTHORITIES

*Cases*                                                                                   **Pages**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*
    No. 16-453, 2018 WL 798731 (D. Del. Jun. 12, 2020) . . . . . . . . . . . . . 12, 13

*Am. Marriage Ministries v. Google, LLC*,
    No. 21-80040, 2021 WL 1526757 (N.D. Cal. Apr. 12, 2021) . . . . . . . . . . 10

*Athalonz, LLC v. Under Armour, Inc.*,
    No. 23-80324, 2024 WL 628846 (N.D. Cal. Feb. 14, 2024) . . . . . . . . . . 8, 9

*AVM Techs., LLC v. Intel Corp.*,
    No. 15-33, 2017 WL 1787562 (D. Del. May 1, 2017) . . . . . . . . . . . . . . . . . 17

*Cirba Inc. v. VMware, Inc.*,
    No. 19-742, 2021 WL 7209447 (D. Del. Dec. 14, 2021) . . . . . . . . . 17, 18, 19

*Cirba Inc. v. VMware, Inc.*,
    No. 19-742, D.I. 1725 (D. Del. Apr. 18, 2023) . . . . . . . . . . . . . . . . . . 18

*Colibri Heart Valve LLC v. Medtronic CoreValve LLC*,
    No. 20-847, 2021 WL 10425630 (C.D. Cal. Mar. 26, 2021) . . . . . 12, 15, 16

*Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*,
    927 F.3d 1292, 1299 (Fed. Cir. 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Fleet Connect Sols. LLC v. Waste Connections US, Inc.*,
    No. 21-365, 2022 WL 2805132 (E.D. Tex. June 29, 2022) . . . . . . . . . . . . . 16

*Fulton v. Foley*,
    No. 17-8696, 2019 WL 6609298 (N.D. Ill. Dec. 5, 2019) . . . . . . . . . . . . 17

*In re Nimitz Techs. LLC*,
    No. 23-103, 2022 WL 17494845 (Fed. Cir. Dec. 8, 2022) . . . . . . . . . . 19, 20

*In re TQ Delta*,
    No. 17-328, 2018 WL 5033756 (D. Del. Oct. 17, 2018) . . . . . . . . . . . . . . 10

*Leonard v. Martin*,
    38 F.4th 481, 489 (5th Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

(continued)

*Cases*                                                                    **Pages**

*Micro Motion, Inc. v. Kane Steel Co., Inc.*,
   894 F.2d 1318, 1324 (Fed. Cir 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*MPH Technologies Oy v. Apple Inc.*,
   No. 18-5935 (N.D. Cal.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Nantworks, LLC v. Niantic, Inc.*,
   No. 20-6262, 2022 WL 1500011 (N.D. Cal. May 12, 2022) . . . . . . . . . . . 14

*Rardon v. Falcon Safety Prod., Inc.*,
   No. 23-1594, 2023 WL 5347298 (3d Cir. Aug. 21, 2023) . . . . . . . . . . . . . 10

*Rivera v. NIBCO*,
   364 F.3d 1057, 1072 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Scrum Alliance Inc. v. Scrum, Inc.*,
   No. 20-227, 2020 WL 6559625 (E.D. Tex. Nov. 9, 2020) . . . . . . . . . . . . . . 9

*Stemmons Enter., L.L.C. v. Fisker, Inc.*,
   No. 22-1487, 2023 WL 7545223 (S.D. Tex. Nov. 13, 2023) . . . . . . . . . . . 8, 9

*Thomas v. IEM, Inc.*,
   No. 06-886, 2008 WL 695230 (M.D. La. Mar. 12, 2008) . . . . . . . . . . . . . . 9

*TQ Delta LLC v. Adtran, Inc.*,
   No. 14-954, D.I. 419 (D. Del. Jun. 6, 2018) . . . . . . . . . . . . . . . . . . . . . . . 19

*Uniloc USA, Inc. v. Motorola Mobility, LLC*,
   No. 17-1658, 2020 WL 7771219, (D. Del. Dec. 30, 2020),
   *aff'd* 52 F.4th 1340 (Fed. Cir. 2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United Access Techs., LLC v. AT&T Corp.*,
   No. 11-338, 2020 WL 3128269 (D. Del. June 12, 2020) . . . . . . . . . . . . . . 12

*Verisign, Inc. v. XYZ.com, LLC*,
   No. 15-175, 2015 WL 7960976 (D. Del. Dec. 4, 2015) . . . . . . . . . . . . . . . 11

## **INTRODUCTION**

Apple seeks to compel non-party Omni to produce documents and information it simultaneously seeks in the underlying litigation before the Northern District of California.  These requests are the subject of a live dispute as to relevance before the court in which the litigation has been pending for almost six years.  As set out in public discovery briefing in the underlying litigation:  (i) plaintiff has objected on relevance grounds to Apple's requests for the same categories of information, (ii) Apple failed to provide binding authority in support of its expansive claim that information regarding "litigation funding" is "generally relevant" and discoverable, and (iii) the trial court denied Apple's motion to compel the same documents and overlapping information from plaintiff in the underlying litigation, ordering the parties to meet and confer before seeking further judicial intervention. Instead of resolving party discovery, Apple has rushed to compel non-party Omni to engage in burdensome discovery efforts based on Apple's unfounded speculation that Omni "should have" or "likely" engaged in actions Apple deems relevant.

In the seven months since it issued a subpoena to Omni, Apple has refused to explain the relevance of the discovery it seeks.  That Apple filed its Motion against non-party Omni just one week after the trial court ordered the parties to confer is a blatant attempt to arbitrage the courts, avoid addressing the question of relevance before the trial court, and apply the actual facts and binding authority of the

1

underlying litigation.  Even so, Apple's bid is futile.  No federal court, including in the District of Delaware, has compelled any non-party to produce the broad swathes of litigation funding information Apple seeks here.

Apple's Motion lifts cherry-picked quotes from factually and legally distinct cases purportedly justifying the relevance of its broad requests based on other courts finding similar information relevant.  Yet none refute the binding precedent finding information related to litigation funding not *per se* relevant in every case.  Some courts have required parties to disclose whether and by whom a litigation might be funded, but in the cases Apple cites where courts have required the production of limited information based on the facts and circumstances of a case, the courts have required a specific showing of relevance that is not present here.  No court has compelled production based on mere suspicion.  Apple's Motion fails on all counts, including that it is an abuse of process and end-run around the trial court that this Court should not entertain.

## STATEMENT OF FACTS

On September 27, 2018, MPH Technologies OY ("MPH") filed patent infringement claims in the Northern District of California against Apple, Inc. ("Apple").  Complaint, *MPH Technologies Oy v. Apple Inc.*, No. 3:18-cv-05935 (N.D. Cal) ("the Litigation").  The court stayed the Litigation on April 26, 2019 pending resolution of Inter Partes Reexaminations on the patents-in-suit filed by

Apple.  The trial court lifted the stay on February 1, 2023, opened fact discovery on April 23, 2023, set the deadline for its completion for October 7, 2024, and scheduled trial for March 24, 2025.  Case Management and Scheduling Order, the Litigation, No. 3:18-cv-05935 (N.D. Cal), D.I. 83.  On December 4, 2023, Apple served non-party Omni Bridgeway (USA), LLC ("Omni") with a subpoena seeking the production of documents and deposition testimony.  On July 3, 2024, Apple filed a motion to compel Omni's compliance with the subpoena in the District of Delaware, stating without citation that "during discovery, Apple learned that Omni is funding MPH's litigation."  Mot. at 1.

## I.      Public Information Regarding Discovery in the Litigation

On April 10, 2024, MPH served objections to RFP No. 45 in Apple's Second Set of Production for Documents and Things, requesting that party MPH produce documents related to "any Communications with any litigation funding entities (including Omni Bridgeway)."  *See* Litigation, D.I. 142-1 at 4.  MPH objected to this request on, among other things, relevance grounds, and cited supporting case law. *Id.*  On April 26, 2024, MPH's trial counsel wrote Apple's trial counsel, Morrison & Foerster, requesting that Apple provide further information regarding its request for production.  *Id.*  As to RPF No. 45, which seeks documents about litigation funding entities, MPH wrote it "has invited Apple to provide caselaw about the relevance of documents, and to date, Apple has not done so.  MPH intends to rely

on at least the caselaw it cited in its written response to RFP 45 (from this District)."
Litigation, D.I. 142-5 at 3.

On June 25, 2024, the parties in the Litigation filed a joint discovery letter
"regarding disputes over MPH's responses to certain document requests and
interrogatories (attached as Exhibits 1 and 2)." *Id.* Despite moving on other requests
for production and attaching the request as part of Exhibit 1 to the filing, Apple did
not move to compel MPH's compliance with RFP No. 45. *Id.* Apple did, however,
move to compel MPH to provide information in response to Apple's Interrogatory
No. 12. Litigation, D.I. 142 at 2. In its letter brief, MPH provided the trial court
with case law supporting its relevance objection to this interrogatory, also arguing
that it was overbroad, encompassing "any and all communications with any potential
or actual litigation funding entities." Litigation, D.I. 142 at 4. Apple's briefing on
the relevance of this discovery cited a single decision, binding on neither the
Northern District of California nor the District of Delaware, and repeated verbatim
the same sweeping and generic claim of "general relevancy of funding agreements
and related documents" as in the instant Motion. *Compare* Litigation, D.I. 142 at 2
*with* Mot. at 11. On June 26, 2024, the trial court denied Apple's motion without
prejudice, instructing the parties to meet and confer further before "seeking judicial
intervention as a last resort." Litigation, D.I. 144. To date, Apple has not sought
any further ruling from the trial court on MPH's relevance objections related to RFP

No. 45 or Interrogatory No. 12, or any other of the requests in the litigation which also call for information cumulative of that requested by the subpoena served on Omni. The parties appear to be in the process of meeting and conferring. *See* Litigation, D.I. 145 at 8.

## II.   Apple's End-Run Around Party Discovery

On December 4, 2023, prior to its requests for the same information from plaintiff MPH, and with no relevant connection to the underlying claims and defenses in the Litigation, Apple's conflicts counsel Walker Stevens Cannom, LLP served the subpoena at issue on Omni. Mot. at 2-3. The subpoena sought broad categories of documents and deposition testimony, designed to fish through non-party Omni's confidential and privileged information. Omni served its responses and objections on January 18, 2024, objecting, amongst other grounds, that the overbroad requests were unduly burdensome, sought the production of irrelevant information, and sought privileged or work product information. Ex. A. Omni and Apple met and conferred on February 7, 2024. Ex. B. Apple's conflicts counsel stated that it did not intend to move forward with a deposition and never raised the issue again until Apple moved to compel Omni to provide a witness. *See* Declaration of F. Germinario ¶ 2.

Omni asked whether Apple had sought the same information from plaintiff MPH, to which Apple's conflicts counsel stated it was "unaware of the status of

5

party discovery" but agreed to get back to Omni.  Ex. B.  Omni asked why the categories of documents sought were relevant, and Apple stated that it "believed" Omni "might" have documents in its possession relevant to the issues of "damages and standing" but was not able to provide any specific basis for such belief, contending that they would know it when they saw it.  *Id*.  Omni and Apple met and conferred again on February 16, 2024 and April 9, 2024, during which Apple requested that Omni produce "the agreement" it believed existed between Omni and MPH because it would "help" Apple in party discovery.  Ex. B.  Before the April 9 call, and in its later April 17 letter, Omni requested that Apple provide its theory of relevance supporting any agreement or any third-party communications requested from Omni "regarding MPH."  *Id.*  Apple did not respond.

On May 2, 2024, Omni and Apple met and conferred again, during which Omni again asked Apple to articulate any theory as to why the documents and information sought by the subpoena were relevant to the Litigation.  Ex. C.  Omni did not hear from Apple for nearly two months.  On July 1, 2024—two business days after the trial court rejected Apple's motion to compel MPH's compliance with Interrogatory No. 12—Apple demanded an immediate meet and confer with Omni.  On July 3, 2024, Apple filed its motion to compel without waiting for Omni to obtain local counsel in Delaware or to schedule a call.  Apple's Motion is the first time Apple has provided Omni with any theory of relevance supporting its subpoena.  *See*

*supra.* Despite cumulative discovery issues pending before the trial court, Apple rejected Omni's request to have its Motion decided before the trial court in the Northern District of California.  D.I. 13.

## ARGUMENT

### I.    Apple Cannot Effect an End Run Around the Trial Court

Apple's Motion seeks a determination of the relevance of categories of information also sought from the plaintiff in the Litigation.  *See supra* § Statement of Facts, §II.  Indeed, Apple set forth verbatim arguments and identical case law both here and in its discovery briefing in the Litigation.  *See supra* § Statement of Facts, §I.  As fact discovery is not set to conclude in the Litigation until October 7, 2024, Apple's rush to file this Motion in this Court just one week after the trial court ordered the parties to meet and confer further about the relevance of this subject matter is designed to circumvent the trial court and seek opinion elsewhere.  *See supra* Statement of Facts, §II; *see also Athalonz, LLC v. Under Armour, Inc.*, No. 23-80324, 2024 WL 628846, at *8 (N.D. Cal. Feb. 14, 2024) (quashing plaintiff's third-party subpoena and questioning plaintiff's motivation to "use the subpoena as an end run around a potentially adverse discovery ruling from the presiding judge" where most documents were likely in defendants' possession as evidenced by pending discovery disputes before the trial court).

Apple all but confirms this conclusion, arguing that the plaintiff "blocked Apple's efforts to obtain Omni-related documents from MPH through party

discovery" by standing on its relevance objections. Mot. at 14. But Apple "should not be seeking discovery from a non-party to circumvent [plaintiff's] relevance objections to the same discovery." *Stemmons Enter., L.L.C. v. Fisker, Inc.*, No. 22-01487, 2023 WL 7545223, at *1 (S.D. Tex. Nov. 13, 2023); *Athalonz,* 2024 WL 628846, at *8 (finding no reason why "third-party deposition must proceed now, before [plaintiff] has determined what information—both as to the merits of its claims and as to [third party's] potential role—can be obtained from a party opponent" in the trial court). "Third-party discovery is 'not meant to provide an end-run around the regular discovery process under Rules 26 and 34.'" *Stemmons,* 2023 WL 7545223, at *1 (citing *Thomas v. IEM, Inc.*, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008); *Scrum Alliance Inc. v. Scrum, Inc.*, 2020 WL 6559625, at *3 (E.D. Tex. Nov. 9, 2020) (quashing subpoena on non-party for documents that could be obtained from a party to the case).

Apple's repeated claims about the "general relevancy of funding agreements and related documents" (*compare* D.I. 142 at 2 *with* Mot. at 11) should be tested in party discovery first, and the Court should deny Apple's Motion on this ground alone.

## II. Apple Has Not Met its Burden to Demonstrate the Relevance of its Discovery

The improper purpose of the Motion is compounded by Apple's demand that Omni engage in a burdensome, overbroad search of its files based on nothing more

than its notion that information regarding "litigation funding" is 'generally relevant' and its speculation that Omni "might" have information that "might" be relevant. Mot. at 11.   This is insufficient under the law, and compliance with Apple's subpoena on these terms is unduly burdensome for non-party Omni.

The applicable standard for evaluating third party discovery includes several factors probing what Apple describes as "balancing the burden to the subpoenaed party against the value of the information to the serving party."  Mot. at 4-5.  "When analyzing whether a subpoena places an undue burden on a nonparty, courts consider issues such as relevance, the requesting party's need for the documents, the breadth of the request, the time period covered, the particularity with which the documents are described, and the burden imposed in responding."  *In re TQ Delta*, No. 17-328-RGA, 2018 WL 5033756, at *2 (D. Del. Oct. 17, 2018) ("the breadth of the requests combined with the lack of limitation or specificity places an undue burden"); *see also Rardon v. Falcon Safety Prod., Inc*., No. 23-1594, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023) (citing *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022)) (collecting cases from other Circuits).

Apple's claim that it has shifted the "burden of showing why discovery should not be granted" to Omni puts the cart before the horse.  Mot. at 4.  Under Rule 26 and Rule 45, "the moving party must first demonstrate that the information requested is within the scope of permissible discovery," including explaining the particular

9

relevance of its particular requests to the particular underlying litigation. *Am. Marriage Ministries v. Google, LLC,* No. 21-80040, 2021 WL 1526757, at *1 (N.D. Cal. Apr. 12, 2021).[1]  Apple has not met this burden.

Apple's Motion generally alludes to four possible reasons why some categories of documents may be relevant in some situations.  Each reason suffers from the same problem:  Apple cannot—and makes no effort to—tie any to the facts of *this* case.   Apple's failure to tie its discovery requests specifically to the underlying litigation is doubly fatal to its Motion:  first, there is no rule "generally" rendering information about litigation funding *per se* relevant, and second, each purported theory of relevance Apple offers is based on nothing more than distinguishable case law and speculation.

## A.   Information About Litigation Funding is Not *Per Se* Relevant

No authority Apple cites provides the rule it advocates that documents and information sought from a litigation funder are *per se* relevant to every case—nor would such a doctrine square with Rule 26 or Rule 45.  Apple's characterization of Chief Judge Connolly's "April 18, 2022 Standing Order Regarding Third-Party Litigation Funding Arrangements" (Ex. D) as holding "discovery about litigation

---

[1] Apple's legal analysis is perhaps unsurprising given that 22 of the 28 cases it cites concern the standard applicable to party discovery.  Although, one such case Apple cites, *Verisign, Inc. v. XYZ.com, LLC* (Mot. at 4), is express: "Federal courts construe relevancy under Rule 26 broadly.  The 'relevance' standard, however, does not apply to nonparties."  No. 15-175, 2015 WL 7960976, at *1 (D. Del. Dec. 4, 2015).

funding is relevant to multiple important issues in the underlying lawsuit, including patent damages, patent valuation, standing, infringement and validity, and pre-suit diligence" is a blatant overreach.  Its characterization of *Acceleration Bay LLC v. Activision Blizzard, Inc*. as "recogniz[ing] discovery from Omni also is relevant to MPH's standing to sue for patent infringement" is also misplaced.  Mot. at 5,8.  The logic exemplifies Apple's shotgun approach to this subpoena, but courts have routinely rejected the contention that cases like "*Acceleration Bay LLC* stand for a general proposition that litigation funding agreements are **per se** relevant in patent infringement cases," finding there is no such "bright line rule." *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, No. 20-847, 2021 WL 10425630, at *4 (C.D. Cal. Mar. 26, 2021) (emphasis in original).  Indeed, the court in *United Access Techs., LLC v. AT&T Corp.* criticized such a distinction, noting the movant:

> points to *Acceleration Bay LLC v. Activision Blizzard, Inc.* [] for the broad proposition that communications with prospective sources of funding, as well as subsequent litigation updates to eventual funders, are "relevant to central issues like validity and infringement, valuation, damages, royalty rates, and whether plaintiff is an operating company."  But *Acceleration Bay* does not hold **(as no case could)** that such materials are always relevant, without any consideration of additional factors.

*United Access Techs., LLC v. AT&T Corp.,* No. 11-338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020) (emphasis added).[2]  After considering the movants'

---

[2] Judge Leonard P. Stark further distinguished the holding by (i) pointing out that "the portion of Acceleration Bay relied on by AT&T is not the express holding of the Court, but rather a quotation from the moving party's brief"; (ii) clarifying that

generalized argument of relevance as applied to the particular facts of that case (as it must), the court in *United* concluded that the movant failed to meet its threshold requirement to show that the litigation funding-related discovery it sought was relevant. *Id.* at *1. The *United* court observed that, much like Apple here, the movant "merely speculates that the reasons underlying the order requiring production in *Acceleration Bay* are also present here." *Id.* The court also rejected the movant's argument that "[o]bviously, we have not seen these documents, so we don't know exactly what they contain, but generally the *Acceleration Bay* case holds that they are relevant." *Id.* (emphasis in original) (finding the movant failed to demonstrate how the discovery is "relevant to the specific claims or defenses of **this** case"). Here, too, it is not enough for Apple to argue that courts have found this discovery "generally relevant"; carrying its burden of proof that any such materials are relevant requires more.

### B.    Apple May Not Fish for Facts Based on Speculation

The information Apple seeks is not even specifically relevant to this case as it is "based on the requesting party's mere suspicion or speculation." *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1324 (Fed. Cir. 1990). As evidenced by the months of meet and confer discussions between Apple and Omni, during which

---

"*Acceleration Bay* involved loans (as opposed to investments)"; and (iii) "was a review of a special master ruling." *Id.* at *1 n.3.

Apple never provided a basis more definite than its "belie[f]" Omni "might" have documents in its possession relevant to the issues of "damages and standing," Apple began its pursuit of the information sought here without any reasonable basis. *See supra* § Statement of Facts, §II. It fares no better on this Motion. Apple's articulation of its purported bases for discovery here are the very definition of fishing, and "courts need not condone the use of discovery to engage in fishing expeditions." *Rivera v. NIBCO*, 364 F.3d 1057, 1072 (9th Cir. 2004). Apple argues throughout its Motion, with no evidentiary citations, that "discovery from Omni is relevant" because:

- "Omni **likely** analyzed the potential value of the MPH patents. . . And **if** that analysis was shared. . . it **likely** is not privileged," (Mot. at 6);

- "Omni **likely** conducted much of the pre-suit diligence. . . That due diligence **likely** is not subject to an effective claim of attorney-client privilege. . . **if** it was shared with MPH," (*id.* at 8-9);

- "Omni **likely** has some influence." (*Id.* at 11).

This is precisely the type of speculative discovery that courts prohibit.[3] *See Nantworks, LLC v. Niantic, Inc.*, No. 20-6262, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (denying motion to compel litigation funding information without "specific articulated reason to suspect bias or conflicts of interest"); *United Access Techs.*, 2020 WL 3128269, at *2. "The discovery rules are designed to assist a party

---

[3] Apple does not even attempt to provide the speculative underpinnings to its assertion that "discovery from Omni also is relevant to MPH's standing to sue for patent infringement." *See* Mot. at 8.

13

to prove a claim it reasonably believes to be viable without discovery, not to find out

if it has any basis for a claim." *Micro Motion,* 894 F.2d at 1327.  Without factual

ties to the underlying litigation, Apple cannot establish that this discovery is relevant

on any basis, least of all relevance to "patent damages, patent valuation, standing,

infringement and validity, and pre-suit diligence" and "refut[ing] David and Goliath

trial themes."  Mot. at 1, 9.

### C.     Apple Fails to Establish Relevance to Standing

Discovery relevant to standing grounds is inherently case-specific.   For

example, Apple contends that information it seeks is wholesale "relevant to

determining whether MPH holds all substantial right, title, and interest in the

asserted patents." Mot. at 8.  Yet, Apple provides no basis for the relevance of this

information in any live claim in the underlying litigation, pointing only to other

courts where such information was found relevant on the facts in other cases.  *See*

*generally* Mot.  In *Colibri Heart Valve LLC v. Medtronic CoreValve LLC*, the court

addressed a similar motion to compel that argued funding information was as

relevant to standing in *Colibri* as it was in *Uniloc*.[4]  No. 20-847, 2021 WL 10425630,

at *3.  The court denied the motion to compel, holding that the motion "offer[ed] no

evidence or support suggesting that Plaintiff here lacks standing like the plaintiffs in

---

[4] *Uniloc USA, Inc. v. Motorola Mobility, LLC*, No. 17-1658, 2020 WL 7771219, at
*8 (D. Del. Dec. 30, 2020), *aff'd*, 52 F.4th 1340 (Fed. Cir. 2022) (finding plaintiff
lacked standing in view of existing evidence of defect in title).

*Uniloc*."   Apple, too, "does not refer to any specific evidence or support showing that Plaintiff here does not have 'all rights, titles, and interests in the asserted patents' as Plaintiff claims."   *Id.*; *cf.* Mot. at 8.   Its "arguments are instead based on skepticism, which is an improper ground for compelling discovery."   *Colibri*, 2021 WL 10425630, at *3 (rejecting argument "that information on Plaintiff's litigation funding is relevant in this case because there is some unknown chance that Plaintiff lacks standing"); *Fleet Connect Sols. LLC v. Waste Connections US, Inc*., No. 21-365-JRG, 2022 WL 2805132, at *3 (E.D. Tex. June 29, 2022) (denying motion to compel on relevance grounds stating "in demanding such documents under the guise of determining ownership of the Asserted Patents, Defendant attempts to engage in a fishing expedition that serves only to shift the burden of establishing proof of standing to Plaintiff prior to any good-faith challenge to standing being put forward by Defendant").

### D.   Apple Fails to Establish Relevance to Patent Damages

Apple also fails to establish that this discovery is relevant to "patent valuation and damages."   Mot. at 5.   Whether any category of information is relevant to calculation of reasonable royalty is hotly debated, and ultimately specific to the circumstances.   *See e.g., Elbit Sys. Land & C4I Ltd. v. Hughes Network Sys., LLC*, 927 F.3d 1292, 1299 (Fed. Cir. 2019) ("Not every settlement will be relevant, and some, while probative, will introduce a danger of unfair prejudice that substantially

outweighs the probative value").  Investment analysis of a litigant's claim prepared by a third-party long after the hypothetical negotiation date of patents in suit is twice removed from any hypothetical negotiation or patent analysis endorsed by courts. Indeed, at least one court in the District of Delaware has held that information about litigation funding is not "relevant to the hypothetical negotiation between the parties" as any values assigned in litigation funding pertains not to the patents themselves but rather to "informed gambling on the outcome of litigation."  *AVM Techs., LLC v. Intel Corp.*, No. 15-33, 2017 WL 1787562, at *3 (D. Del. May 1, 2017) (holding "they are so far removed from the hypothetical negotiation that they have no relevance" and "their introduction would just invite a sideshow on the economics of patent litigation").  Without tying the discovery it seeks to the facts at issue here, Apple's bid for that discovery should fail.

### E.    Apple Fails to Establish Relevance to Trial Themes, Pre-Suit Diligence, Etc.

Apple makes even less of an effort to show that the information sought is relevant to other topics.  For example, it does not explain why non-party Omni should be burdened with discovery that merely shadowboxes trial themes no party has claimed, such as "David and Goliath."  Mot. at 9.  Courts have rejected this theme as a basis for discovery, *infra* Argument § III, but it is also not clear what

information Apple proposes would satisfy in this case.[5]  Setting all else to the side,
Omni is wholly owned by a publicly listed company, Omni Bridgeway Limited,
which reports its financial information in publicly available annual reports stretching
from 2002 to the present.  Ex. E.  Apple is also a public company whose reported
revenues in the last fiscal quarter alone appear to be 363 times higher than the market
capitalization        Apple        attributes        to        Omni.        *Compare*
https://www.apple.com/newsroom/2024/05/apple-reports-second-quarter-results/
*with* Mot. at 9.   Apple's argument that it requires discovery to reveal relevant
information rebutting the relative size of Omni—a non-party—casts doubt on the
sincerity of its other arguments.  To the extent Apple seeks this relief in good faith,
it is more appropriately sought as a motion *in limine*.

## III.   Apple's Own Authority Supports Denial of this Motion

Apple mischaracterizes the case it appends to the Motion as holding that "the
discovery Apple seeks from Omni is 'relevant to the value of the asserted patents'
for damages purposes."  *Cirba Inc. v. VMware, Inc., C.A*. No. 19-742-GBW, at ¶ 3
(D. Del. Apr. 18, 2023) (Motion, Appendix A) ("*Cirba II*").  This decision on motion
*in limine* is brief.  *Cirba II* merely denied in part plaintiff's motion to exclude

---

[5] *See e.g., Cirba I*, 2021 WL 7209447, at *2; *Fulton v. Foley*, No. 17-8696, 2019
WL 6609298, at *3 (N.D. Ill. Dec. 5, 2019) ("the mere fact that Plaintiff stands to
gain from a successful lawsuit (with or without litigation funding) is the relevant
inquiry on cross-examination concerning bias.  Litigation funding does not change
or add to the nature of that inquiry").

arguments about the fact of investment in the litigation because a "testifying

witness'" financial interest in the litigation may bear on their "credibility" as a

witness.  App'x A at 3.  But the *Cirba* court was more comprehensive in its discovery

order earlier in the case ordering the plaintiff to produce the limited information

discussed on motion *in limine*.  *Cirba Inc. v. VMWare, Inc*., No. 19-742-LPS, 2021

WL 7209447 (D. Del. Dec. 14, 2021) ("*Cirba I*").  In fact, the *Cirba I* court rejected

defendant's arguments that "litigation funding documents are relevant to damages

(including royalty rates. . .), injunctive relief, standing, and 'trial themes,'" and

"counter[ing] any 'David versus Goliath' trial themes."  *Cirba I*, 2021 WL 7209447,

at *2.  The *Cirba I* court noted that "[t]here is no consensus within this district, or

elsewhere, as to the discoverability of these materials, and there is no binding

precedent governing this issue," but found:

> [o]n balance, the decisions holding that litigation funding documents are not
> broadly discoverable seem to have the better of the argument.  As stated by
> the Court in *TQ Delta LLC v. Adtran, Inc*.:
>
>> I have previously held in other cases that litigation funding agreements
>> are in themselves irrelevant.  I continue to believe that that is generally
>> so, and that, in cases such as this, providing Adtran with the details of
>> TQ Delta's financing provides an unfair and unwarranted advantage to
>> Adtran.

*Cirba I,* 2021 WL 7209447, at *2 (quoting *TQ Delta LLC v. Adtran, Inc.*, C.A. No.

14-954-RGA, D.I. 419 at 2 (D. Del. Jun. 6, 2018))).  The *Cirba I* court declined to

compel the broad production of litigation funding information sought—quoting the

*TQ Delta* rationale where the court held it "d[id]n't think the entities that are providing the funding, or the amount of the funding are relevant, or likely to lead to relevant information"—and ultimately found relevant only "plaintiff's evaluation of the patents" within its own files. *Cirba I*, 2021 WL 7209447, at *3.

Apple also cites *In re Nimitz Techs. LLC,* alongside Chief Judge Connolly's Standing Order, contending they support discovery of the identity of the funder, including "communications among the plaintiff, the funder, and counsel" as "all 'related to potential legal issues in the case.'"  Mot. at 10; No. 23-103, 2022 WL 17494845, at *1 (Fed. Cir. Dec. 8, 2022).  But the court did not announce a universal relevance standard—the facts of *Nimitz* are remarkable.  The depth of discovery was clearly responsive to the conduct of the parties, including the court's suspicion that plaintiff "perpetrated a fraud on the court by fraudulently conveying to a shell LLC the [patent-in-suit] and filing a fictitious patent assignment with the [United States Patent and Trademark Office] designed to shield those parties from the potential liability they would otherwise face." *Id.*, at *2.  Apple nowhere alleges that these are animating concerns here, and indeed they are not.[6]

---

[6] Apple's additional arguments that the N.D. California Local Rules support the discovery it seeks are equally misleading.  The Northern District of California proposed amending Civil Local Rule 3-15 to specifically add certain information about litigation funding to all party disclosures, Ex. F, but ultimately rejected such a global amendment, adding language to the District-wide Standing Order to require disclosure of information about litigation funding only in class, group, or collective actions. *See* Ex. G & Ex. H at § 17.

## CONCLUSION AND RELIEF SOUGHT

In view of the foregoing, Omni respectfully requests that Apple's Motion be denied in its entirety.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Respondent*
*Omni Bridgeway (USA) LLC*

OF COUNSEL:

Jennifer A. Kash
Francesca M. S. Germinario
WARREN KASH WARREN LLP
2261 Market Street, Suite 606
San Francisco, CA  94114
(415) 895-2940

July 22, 2024

## <u>CERTIFICATION OF COMPLIANCE</u>

Pursuant to the Court's November 10, 2022 Standing Order Regarding Briefing in All Cases, Respondent Omni Bridgeway (USA), LLC hereby certifies that Respondent's Opposition to Motion to Compel complies with the word count, type and font requirements as follows: (1) the font used in Respondent's motion and all associated documents is Times New Roman, 14 point; and (2) the word count for such motion is 4,877, whereas the maximum amount of words allowable per Local Rule 7.1.3 and the November 22, 2022 Standing Order is 5000 words.

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 22, 2024, upon the following in the manner indicated:

Brian A. Biggs, Esquire                                *VIA ELECTRONIC MAIL*
DLA PIPER LLP (US)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
*Attorneys for Petitioner Apple Inc.*


                                                        */s/ Brian P. Egan*
                                                        _____
                                                        Brian P. Egan (#6227)