# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC. | ) | |
|     Petitioner, | ) | |
| | ) | |
|   v. | ) | |
| | ) | Misc. Case No. 24-mc-330-CFC |
| OMNI BRIDGEWAY LLC | ) | |
| | ) | (*MPH v. Apple Inc.*, Case No. |
|     Respondent. | ) | 3:18-cv-05935-TLT; pending |
| | ) | in U.S.D.C. N.D. Cal.) |
| | ) | |

**APPLE INC.'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO COMPEL COMPLIANCE WITH SUBPOENA TO OMNI BRIDGEWAY LLC**

1611850118.1

# TABLE OF CONTENTS

**Page**

I.    OMNI POSSESSES RELEVANT INFORMATION. ...................................2

II.   OMNI DOES NOT RAISE ANY OBJECTIONS OTHER THAN
      RELEVANCE..................................................................................................8

III.  APPLE'S MOTION TO COMPEL FROM OMNI IS PROPER AND
      NECESSARY. ................................................................................................9

IV.  CONCLUSION............................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
No. 16-453-RGA, 2018 WL 798731 (D. Del. Feb. 9, 2018)............................1, 6

*Athalonz, LLC v. Under Armour, Inc.*,
No. 23-mc-80324-LJC, 2024 WL 628846 (N.D. Cal. Feb. 14,
2024) ...............................................................................................................10, 11

*AVM Tech., LLC v. Intel Corp.*,
No. 15-33-RGA, 2017 WL 178562 (D. Del. May 1, 2017) ..................................5

*Cirba Inc. v. VMWare, Inc.*,
No. 19-742-LPS, 2021 WL 72094467 (D. Del. Dec. 14, 2021)...........................7

*Colibri Heart Valve LLC v. Medtronic Corevalve LLC*,
No. 8:20-847-DOC, 2021 WL 10425630 (C.D. Cal. Mar. 26, 2021) ..............4, 6

*Fleet Connect Sol'ns LLC v. Waste Connections US, Inc.*,
No. 2:21-365-JRG, 2022 WL 2805132 (E.D. Tex. June 29, 2022)......................6

*Gamon Plus, Inc. v. Campbell Soup Co.*,
No. 15-8940-CRN, 2022 WL 18284320 (N.D. Ill. May 26, 2022)......................6

*Horatio Washington Depot Tech. LLC v. TOLMAR, Inc.*,
No. 17-1086-LPS, 2018 WL 5669168 (D. Del. Nov. 1, 2018) ............................9

*Nimitz Techs. LLC v. CNET Media, Inc.*,
No. 21-1247-CFC, 2022 WL 17338396 (D. Del. Nov. 30, 2022)................1, 3, 7

*Sang Geoul Lee v. Won Il Park*,
720 F. App'x 663 (3d Cir. 2017) ........................................................................9

*Stemmons Enterprise, L.L.C. v. Fisker, Inc.*,
No. 4:22-1487-YYH, 2023 WL 7545233 (S.D. Tex. Nov. 13,
2023) .....................................................................................................................11

*Taction Tech., Inc. v. Apple Inc.*,
 C.A. No. 21-cv-00812-TWR-JLB, 2022 WL 18781396 (S.D. Cal.
 Mar. 16, 2022)......................................................................................................5, 10

*United Access Tech, LLC v. AT&T Corp.*,
 No. 11-338-LPS, 2020 WL 3128269 (D. Del. June 12, 2020)..............................4

*In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination
 Prods. Liab. Litig.*,
 405 F. Supp. 3d 612 (D.N.J. 2019)........................................................................6

## Other Authorities

Fed. R. Civ. P. 26(b)(1).............................................................................................5

Fed. R. Civ. P. 45(a), (c), (d)(2)...............................................................................9

Fed. R. Civ. P. 45(d)(3).............................................................................................8

Fed. R. Civ. P. 45(f)..................................................................................................9

Fed. R. Civ. P. 36...................................................................................................4, 6

Omni Bridgeway exemplifies and perpetuates the now all-too-common peril in patent litigations funded behind closed doors by, and without any discovery of, litigation financers.  While it refuses to acknowledge any relationship with MPH, Omni is a real party-in-interest with a direct, immediate, and substantive impact on the underlying litigation.  It is no surprise, then, that this Court and others have ordered heightened disclosures and discovery related to third parties that provide funding to patent owners in district court litigation.  *See Nimitz Techs. LLC v. CNET Media, Inc.*, No. 21-1247-CFC, 2022 WL 17338396, at *2 (D. Del. Nov. 30, 2022) (collecting local rules requiring disclosures); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453-RGA, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018).

What Omni's opposition omits speaks volumes.  Omni does not deny that it funds, maintains a stake in, and is involved in strategy or settlement decisions for the underlying case.  Omni does not deny that it possesses documents directly related to the asserted patents and the litigation, including documents and communications (1) valuing or assessing MPH and the asserted patents, (2) disclosing Omni's and others' ownership interest in the asserted patents; and (3) disclosing Omni's stake and decision-making authority in the underlying litigation.  Omni does not contend that producing these documents in its possession would be costly, unduly burdensome, or disproportionate to the needs of the case.  Nor does

1

Omni contend that any of the documents is subject to privilege or another objection that would bar its production.  Omni instead argues for a bright line rule that litigation funding discovery is never relevant, and refuses to even acknowledge whether such documents exist and whether they are responsive to Apple's requests.

Despite Omni's obstruction, Apple has demonstrated that the requested documents and communications are relevant to the underlying litigation.  D.I. 3 at 5-10.  On the other hand, Omni has not provided any basis for why the discovery, much of which is uniquely in Omni's possession and unavailable in party discovery, should not be had.  Accordingly, the Court should grant Apple's motion to compel.

## I.    OMNI POSSESSES RELEVANT INFORMATION.

The parties agree that Apple bears the initial burden to demonstrate relevance, D.I. 18 at 9, and Apple has met its burden.  Omni, as the litigation funder, has certain categories of documents in its possession that are relevant to issues of patent damages, patent valuation, potential settlement, standing, pre-suit diligence, trial themes, infringement, and validity.  D.I. 3 at 5-10.  And Apple has narrowly tailored its requests to seek precisely those documents and communications.  For its part, Omni does not dispute that it is funding the litigation, and does not dispute that it has these categories of documents.  Omni, as a self-proclaimed "Global Leader in Legal Finance and Risk Management,"

confirms that its funding deals "are set according to the size, strength, and collectability of the dispute being financed." Ex. D (https://omnibridgeway.com/litigation-finance). Thus, the reasonable inference is that Omni possess relevant documents and communications about MPH, the asserted patents, the litigation. Omni could have easily opposed this motion by saying these documents do not exist. Tellingly, Omni did not.

Instead, Omni argues litigation funding discovery is <u>never</u> relevant, and that neither Omni nor MPH should have to disclose anything about their relationship, the terms of the funding, whether Omni has an ownership interest in the patents, or Omni's assessment of the value of the patents and the merits of the litigation. This is not the law.

This Court and others have imposed standing orders in patent cases that require additional disclosures related to litigation funding "as it is critically important that federal judges do not suffer from conflicts that could call into question their impartiality." *See Nimitz*, 2022 WL 17338396, at *2 (collecting standing orders). In particular, this Court's standing order requires early disclosure of the identity of any funder, whether the third-party funder's approval is necessary for litigation or settlement decisions, and a brief description of the financial interest of the funder. April 18, 2022 Standing Order Regarding Third-Party Litigation Funding Arrangements ("Standing Order"). Further, the Standing Order

acknowledges that the parties may seek additional discovery if the disclosures provide good cause, such as if the funder has the authority to make litigation or settlement decisions.  Standing Order, ¶ 2.

Omni and MPH refuse to provide even this bare minimum, which distinguishes the *Colibri* and *United Access* cases on which Omni relies.  In *Colibri*, the defendant sought discovery related to standing, yet the plaintiff had already produced the relevant patent assignments and admitted, in response to a Rule 36 request for admission, that plaintiff had all rights to the asserted patents "but for a security interest held by the litigation funder."  *Colibri Heart Valve LLC v. Medtronic Corevalve LLC*, No. 8:20-847-DOC, 2021 WL 10425630, at *2 (C.D. Cal. Mar. 26, 2021).  In *United Access*, Judge Stark rejected the plaintiff's argument that discovery from a funder is *per se* irrelevant—as Omni advocates— and instead held *in camera* review of the requested documents to determine relevance.  *United Access Tech, LLC v. AT&T Corp.*, No. 11-338-LPS, 2020 WL 3128269, at *2 (D. Del. June 12, 2020).  Here, Omni has provided no discovery. These cases do not allow Omni to cry "nothing to see here" while Omni also obstructs <u>any</u> transparency on the undisputedly relevant issues of standing, damages, and other merits.

Apple's subpoena is, thus, not "speculative."  Omni does not dispute that it analyzed the value of the MPH patents, including by conducting an economic

analysis of a reasonable royalty and the hypothetical negotiation between MPH and Apple.  Omni does not address the seven cases cited in Apple's opening brief in which courts have routinely found these documents relevant to patent valuation and damages.  D.I. 3 at 5-7 (collecting cases).  Instead, Omni shifts the sands and cites an inapposite *Daubert* decision, *AVM Technologies*.  D.I. 18 at 16.  In *AVM*, Judge Andrews excluded a damages expert's testimony about  litigation funding agreements finding the agreements in that case were not sufficiently probative of the hypothetical negotiation in that case.  *AVM Tech., LLC v. Intel Corp.*, No. 15-33-RGA, 2017 WL 178562, at *3 (D. Del. May 1, 2017).  But *AVM* is inapplicable here because documents need not be "admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).  Further, Apple seeks Omni's valuation analysis, which is probative of the hypothetical negotiation and will be considered by Apple's economics expert.  *See, e.g., Taction Tech., Inc. v. Apple Inc.,* C.A. No. 21-cv-00812-TWR-JLB, 2022 WL 18781396, at *5 (S.D. Cal. Mar. 16, 2022) (finding "litigation funding agreements and related documents can be 'directly relevant' to 'the valuations placed on the … patents prior to the present litigation'").  In any event, *AVM* did not draw a bright line that litigation funding discovery is never relevant.  Less than one year later, Judge Andrews ordered production of relevant emails and documents exchanged between a plaintiff and its funder.  *Acceleration Bay*, 2018 WL 798731, at *1, *3.

Omni's argument as to standing fares no better.  While Omni concedes that standing discovery is "inherently case-specific," Omni ignores the many cases in which requests similar to Apple's have been permitted to assess standing.  D.I. 3 at 8-9.  Instead, Omni cites *Colibri*, in which the funded plaintiff had already affirmatively provided discovery related to standing.  D.I. 18 at 14-15; *Colibri*, 2021 WL 10425630, at *3 (relying on plaintiff's Rule 36 admission related to standing).  Nor does *Fleet Connect* help Omni because it is undisputed that Omni is currently funding MPH.  *See Fleet Connect Sol'ns LLC v. Waste Connections US, Inc.*, No. 2:21-365-JRG, 2022 WL 2805132, at *3 (E.D. Tex. June 29, 2022) (finding defendant had not shown that "litigation funding agreements, if any, are relevant to the claims and defenses").  Here, Omni refuses to disclose what interest it has taken in the patents and whether Omni is making litigation or settlement decisions, so the discovery is relevant to standing and Omni's role in this litigation.  *See, e.g. Gamon Plus, Inc. v. Campbell Soup Co.*, No. 15-8940-CRN, 2022 WL 18284320, at *2 (N.D. Ill. May 26, 2022) (ordering production of litigation funding discovery); *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (litigation funding relevant where the "non-party is making ultimate litigation or settlement decisions").

6

Omni's reliance on *Cirba I* and *In re Nimitz* underscore the cognitive dissonance in Omni's position. These cases confirm that the information Apple seeks is discoverable, yet Omni refuses to disclose or produce anything. *Nimitz* confirms that communications between the plaintiff, funder, and counsel may be relevant to the issue of real-party-in-interest. *Nimitz*, 2022 WL 17338396, at *2. Applying the Court's guidance in *Nimitz* to this motion to compel, Omni should not be allowed to hide behind the scenes, as Maxevar did in *Nimitz*, and should be ordered to produce documents and communications related to standing, Omni's relationship to MPH and the patents-in-suit, and Omni's decision-making authority with respect to the litigation and potential settlement. Similarly, in *Cirba I*, Judge Stark ordered production of "documents . . . that describe or explain the value of one or more of the patents-in-suit," finding such documents could be considered as part of the "Book of Wisdom" considered in the reasonable royalty analysis. *Cirba Inc. v. VMWare, Inc.*, No. 19-742-LPS, 2021 WL 72094467, at *2-*3 (D. Del. Dec. 14, 2021). The fact that Omni favorably cites *Cirba I* yet refuses to follow Judge Stark's guidance and produce at least its patent valuation documents diminishes the credibility of Omni's objections. On the other hand, Apple has done more than the defendant in *Cirba I* and demonstrated the relevance of the full scope of its requests. D.I. 3 at 5-10.

7

## II.   OMNI DOES NOT RAISE ANY OBJECTIONS OTHER THAN RELEVANCE.

Because Apple has established the relevance of each of the categories of documents and testimony, the Court should order production of documents responsive to Requests 1-9 and testimony responsive to Topics 1-10.[1]  The parties agree that if Apple establishes the relevance of the requested documents and testimony, then the burden shifts to Omni to demonstrate why the discovery should not be had.  D.I. 3 at 4; D.I. 18 at 9-10.

But Omni has not raised any non-relevance objections.  For instance, Omni has not alleged that any documents or testimony within the scope of the requests is attorney-client privileged, work product, or otherwise privileged or immune from production.  Similarly, Omni has not demonstrated that any request imposes an undue burden.  *See* Fed. R. Civ. P. 45(d)(3).  Though Omni refers to the requests as "burdensome" or "unduly burdensome" on three occasions in its brief, (D.I. 18 at 1, 8), nowhere does Omni provide any explanation or analysis, legal or factual, to support this claim.  Thus, any objection as to burden or privilege has not properly been raised.  *Sang Geoul Lee v. Won Il Park*, 720 F. App'x 663, 666 (3d Cir. 2017) (disregarding unbriefed argument because it is not the court's responsibility to make a party's arguments for them).

---

[1] Apple never withdrew its request for a deposition, as Omni suggests.  D.I. 18 at 5. As part of the parties' meet and confer, Apple agreed to discuss Apple's document requests first, but the parties are also at an impasse on the deposition topics.

Because Omni did not raise any objections to production other than relevance, Omni has waived any other such objections. *See Horatio Washington Depot Tech. LLC v. TOLMAR, Inc.*, No. 17-1086-LPS, 2018 WL 5669168, at \*7 n.4 (D. Del. Nov. 1, 2018) (finding waiver of arguments not briefed).

## III.   APPLE'S MOTION TO COMPEL FROM OMNI IS PROPER AND NECESSARY.

Under Rule 45, a party is permitted to serve a subpoena on a third party and then move for compliance of that subpoena in the local district for that third party. Fed. R. Civ. P. 45(a), (c), (d)(2); *see also* Fed. R. Civ. P. 45(f) Committee Notes on Rules—2013 Amendment ("Subpoenas are essential to obtain discovery from non-parties."). Apple did precisely that. And, as Omni concedes, the parties held five conferences from February 7 through May 2, after which Omni was resolute that it would not produce any documents or information, a position that Omni reiterated with Delaware counsel on the line on July 11. D.I. 3 at 3; D.I. 18 at 6. Thus, Apple is not effecting an "end run" around the underlying litigation as Omni contends. Apple is following the Federal Rules.[2]

Apple seeks discovery unique to Omni, including Omni's evaluations of the patents, Omni's internal documents related to MPH, and Omni's communications with and about MPH and third parties. *See* D.I. 5, Ex. A at 7, 11-12. Indeed,

---

[2] Similarly, when MPH sought to enforce its subpoena to VirnetX Inc., it filed its motion to compel in the District of Nevada. Ex. F.

Apple did not "set forth verbatim arguments and identical case law both here and in its discovery briefing" in the underlying litigation, as Omni misleads.  D.I. 18 at 7.  Here, Apple's 14-page opening brief cites 27 cases supporting production, and argues Omni possesses unique documents relevant to a variety of issues in the case: patent valuation, patent damages, settlement, standing, pre-suit diligence, trial themes, infringement, and validity.  D.I. 3 at 5-10.  On the other hand, in the discovery dispute Omni identifies (which has not been resolved by the district court), Apple only asked the district court to compel MPH to identify its communications with litigation funders in an interrogatory response, and Apple cited *Taction Tech., Inc. v. Apple Inc.*, No. 21-cv-00812, 2022 WL 18781396, at *5 (S.D. Cal. Mar. 16, 2022) (quotation omitted).  Ex. E at 2.  These requests and legal questions are not coextensive, let alone "verbatim" or "identical."

Because Omni possesses unique documents and information, Omni's reliance on *Athalonz, LLC v. Under Armour, Inc.*, No. 23-mc-80324-LJC, 2024 WL 628846 (N.D. Cal. Feb. 14, 2024) is inapposite.  D.I. 18 at 7.  There, basketball player Steph Curry quashed a subpoena issuing from a patent infringement action when he "offered competent evidence that he was not involved in designing" the accused products, and the plaintiff had ample time to test that evidence through Under Armour. 2024 WL 628846, at *4, *7.  Here, Omni admits that the information sought in Apple's amended subpoena is not in MPH's

10

possession, and therefore it is best sought from Omni.  *See* D.I. 5, Ex. B at ¶¶ 1, 15, 17; *cf. Stemmons Enterprise, L.L.C. v. Fisker, Inc.*, No. 4:22-1487-YYH, 2023 WL 7545233, at *1 (S.D. Tex. Nov. 13, 2023) (quashing subpoena seeking the "same documents" from a third party).  And, because of MPH's delay tactics in the district court, there is not enough time before the October 7, 2024 close of fact discovery for Apple to sit on its rights.

## IV.    CONCLUSION

Apple has met its burden to demonstrate that the documents and communications undisputedly in Omni's possession are relevant to the underlying litigation.  Because Omni has not met its burden to demonstrate why this relevant discovery should not be had, the Court should grant Apple's motion to compel.

Dated:  July 29, 2024                              Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
1201 North Market Street, Suite 2100
Wilmington, DE 19801-1147
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
brian.biggs@us.dlapiper.com

*Attorney for Movant Apple Inc.*

11

## <u>WORD COUNT CERTIFICATION</u>

The undersigned hereby certifies that Petitioner Apple Inc.'s Opposition to Respondent Omni Bridgeway LLC's Motion to Transfer contains 2,499 words (exclusive of the caption, table of contents, table of authorities, and signature block) in Times New Roman 14-point font, counted using Microsoft Word's word count feature.

*/s/ Brian A. Biggs*
Brian A. Biggs (DE Bar No. 5591)
