# EXHIBIT E

June 25, 2024

The Honorable Trina L. Thompson
San Francisco Courthouse, Courtroom 9
450 Golden Gate Avenue
San Francisco, CA 94102

  Re:  ***MPH Techs. Oy v. Apple Inc.*, No. 3:18-cv-05935-TLT (N.D. Cal.)**

Dear Judge Thompson:

Pursuant to the Court's Civil Standing Order, Defendant Apple Inc. and Plaintiff MPH
Technologies Oy submit this joint discovery letter regarding disputes over MPH's responses to
certain document requests and interrogatories (attached as Exhibits 1 and 2).

## I.  APPLE'S POSITIONS

### A.  MPH Should Provide a Complete Response to Rog 15

Apple's Rog 15 asks MPH to describe the role of each named inventor in the conception and
reduction to practice of MPH's claimed inventions.  This information is important for Apple to
understand and test MPH's invention story.  MPH's current response merely says that each
inventor was "involved in the conception and reduction to practice"—with no further details—
and cites the public prosecution histories for MPH's patents.  MPH's position that it has no
additional information is inconsistent with its counsel's representation of two inventors and its
listing of an inventor on its initial disclosures.  MPH either should provide the information or
stipulate that it will not present an invention story at trial.  This information is uniquely in
MPH's possession, and Apple also needs it to evaluate inventorship under 35 U.S.C. § 102(f).

### B.  MPH Should Provide a Complete Response to Rog 12

Apple's Rog 12 seeks a description of MPH's communications with third parties about its
patents, including dates, subject matter, outcomes, and persons involved.  This information is
relevant for many reasons.  For example, third parties' decisions not to purchase MPH's patents
or take licenses would support Apple's position that the patents lack novelty and are less
valuable than MPH contends.  Third parties' assertions of invalidity and non-infringement would
undermine MPH's allegation that Apple infringed its patents willfully.  Additionally, MPH may
have characterized its patents differently in past communications than it does here.

MPH refuses to provide a complete response to Rog 12.  While MPH's current response cites
MPH's responses to other rogs (Rogs 4 and 13), those responses fall far short of a complete
response to Rog 12.  (*See* Exs. 2 & 3.)  For one thing, both responses are limited to MPH's
communications with potential licensees, whereas Rog 12 covers communications about the
patents more generally.  Even with respect to potential licensees, neither response contains the
detail requested by Rog 12, such as the date of the offer, the names of the persons who made and
received it, and the result.  MPH offers no explanation for refusing to provide this information.

MPH contends that Rog 12 is overbroad but fails to explain why. MPH contests only the relevance of communications about funding of litigation involving the asserted patents. But courts in patent cases "have generally ruled that litigation funding agreements and related documents are relevant and discoverable." *Taction Tech., Inc. v. Apple Inc.*, No. 21-cv-00812, 2022 WL 18781396, at *5 (S.D. Cal. Mar. 16, 2022) (quotation omitted). For example, this discovery is relevant to damages, as it reflects how the parties valued the patents. *Id.*

### C.    MPH Should Produce Discovery Responsive to RFP 46 and Rog 16

Apple's RFP 46 seeks documents about products developed by MPH's predecessor companies Intra Secure Networks and NetSeal, including NetSeal's RoamMate product. Apple's Rog 16 seeks information on the dates, locations, and circumstances of NetSeal's public disclosures, sales, and uses of RoamMate. This discovery is relevant for two reasons.

First, RoamMate appears to be key prior art. *See* Pre-AIA 35 U.S.C. § 102(b) (invention cannot have been described in printed publication or publicly known or used in the U.S. more than one year before U.S. patent application). MPH argues that its patents "allow[] corporate or enterprise VPN users to move freely with mobile devices while ensuring uninterrupted and secure VPN connectivity over often unsecure networks." (ECF 1 ¶ 21.) A NetSeal press release described RoamMate in similar terms: "enabl[ing] the users to freely roam between any wireless or wired connections without dropping packets or sacrificing security." (Ex. 4.) The press release reveals that NetSeal displayed RoamMate in Las Vegas years before the applications for MPH's patents. MPH's criticism that Apple's invalidity contentions do not discuss RoamMate is unfounded given that MPH failed to produce documents about RoamMate in response to Apple's May 1, 2023, RFP No. 8, which requests "All Documents related to Prior Art or potential Prior Art."

Second, MPH has made NetSeal products an issue in this case. For example, MPH alleges that NetSeal was a "technology leader in the area of mobile communication security" and that "technologies developed and marketed by Netseal were recognized and accepted by the global mobile communications industry." (ECF 1 ¶¶ 16–17.) Without additional discovery as to its products, this would be an incomplete rendering as Netseal has gone bankrupt twice.

MPH has agreed only to produce "documents sufficient to show the functionalities of the NetSeal RoamMate product" and to cite them in its Rog response. MPH should provide complete responsive information and documents (including source code and specifications).

### D.    MPH Should Provide a Complete Response to Rog 14

Apple's Rog 14 asks MPH to describe the history and relationships of its predecessors Intra Secure Networks and NetSeal. Two specific aspects of the rog are at issue here. First, the rog asks whether MPH's predecessors still possess documents and, if not, who currently possesses them. This information is relevant to identifying third parties with discoverable information. It is also critical to Apple's ability to understand whether MPH's document production contains (or should contain) documents from its predecessors. But MPH refuses to provide the requested information. During meet-and-confer discussions, MPH declined to answer whether it has collected and produced documents from its predecessors.

Second, the rog asks MPH for the terms of any transfers of its patents. This information is relevant to damages and standing. MPH provided only a Rule 33(d) document citation, which is improper here as the documents do not fully answer Apple's questions.[1] *See U.S. Sec. & Exch. Comm'n v. Volkswagen Aktiengesellschaft*, No. 19-cv-01391, 2022 WL 21697288, at *1 (N.D. Cal. Jan. 10, 2022) (ordering narrative response from party that failed to show that documents contained information). For example, the only cited document with payment terms is a sales contract for patents listed in an appendix that MPH did not produce.

### E.    MPH Should Provide Discovery Responsive to RFP 49 and Rog 13

Rog 13 asks MPH to explain the following allegations in its Complaint: "MPH has continued its business of developing and licensing network mobility and security technologies developed by Netseal. MPH's patented technologies have been adopted and utilized by mobile and secure communications industries. A number of these patented technologies have been adopted by these industries and incorporated into their product lines as standard or 'default' features." RFP 49 asks for any documents supporting those allegations. These requests are relevant to MPH's anticipated trial theme that MPH is an important innovator (which Apple contests). MPH refuses to provide the requested documents and information. MPH's rog response contains no discussion of MPH's alleged development of technologies. Also, the response provides only one example ("MOBIKE") to support MPH's allegation that industries have adopted "a number" of its patented technologies as standard or default features. Apple is entitled to know the others.

## II.    MPH'S POSITIONS

### A.    MPH Has Provided a Complete Response to Apple's Rog 15

Apple claims that Rog 15 seeks information for Apple "to evaluate inventorship [of the patents] under 35 U.S.C. § 102(f)." But, Apple has *not* asserted invalidity on this basis in its Answer (Dkt. 38) or its Patent L.R. 3-3 invalidity contentions. Nor has Apple identified *any* basis for challenging inventorship. In any event, MPH responded with the information available to it, including citing documents pursuant to FRCP 33(d), including the inventors' signed oaths declaring that they are original and joint inventors. The proper source of additional information regarding the inventors' specific roles is the third-party inventors, who are not employees of MPH or parties to this lawsuit, and Apple can take their depositions. Apple has served Rule 45 subpoenas on two of them, and received documents relating to their roles at Netseal, and has informed MPH that it intends to serve another subpoena on an inventor. MPH's position that it has no additional information is not, as Apple claims, "inconsistent with its counsel's representation of two inventors and its listing of an inventor on its initial disclosures." Apple cites no authority to support that common counsel affects discoverability. And Apple has also identified the inventors in its own 26(a)(1) disclosures, along with several other third parties. If Apple is asking MPH to summarize and contextualize contents of the documents previously produced about the inventors' roles and responsibilities at the prior owner companies of the patents, MPH is willing to supplement its answer.

---

[1] Apple is amenable to filing the cited documents under seal if the Court requests them.

### B.      Apple's Rog 12 is Overbroad and Duplicative

Rog 12 is facially overbroad, not sufficiently particularized, unduly burdensome, and seeks discovery that is not relevant and proportional to the needs of the case. It broadly seeks a detailed narrative description and identification of *any and all* communications with *any and all* entities "related to[2]" any of the Asserted Patents and Related Patents and their applications at any time, without limiting the subject matter. MPH has already responded to Apple's Rog 4, which seeks an identification of "all Persons or entities who have ever held or been offered any interest in or rights to the Asserted Patents or any Related Patent….," including by identifying licensing communications pursuant to FRCP 33(d). Apple has not explained why a detailed description of any and all communications beyond what MPH provided for Rog 4 is relevant and proportional, particularly where Apple seeks *any and all* communications even remotely related to any patent or application, in *any* respect, with *any* entity, over the course of more than a decade, including internal MPH communications and privileged communications. At most, Apple has explained the relevance of communications with third parties regarding the purchase or licensing of the asserted patents, which are already covered by Rog 4. Moreover, MPH has produced and is in the process of producing further such communications covered by Apple's email requests.

Rog 12 is also so broad that it would cover any and all communications with any potential or actual litigation funding entities. This district's precedent is clear that such discovery is not relevant. *See, e.g.*, *MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 118595, at *1–2 (N.D. Cal. Jan. 7, 2019) (concluding that "discovery regarding 'persons and entities that have a financial interest in this litigation,' including an identification of any third party that is funding this litigation," is not warranted "because it is not relevant"); *NantWorks, LLC v. Niantic, Inc.*, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022) (denying motion to compel interrogatory response to "[d]etail all entities having any financial or contingent interest in this case, including any contingent fee recovery interests and litigation funding agreements."). California courts have also found such communications and documents protected as attorney work product. *See, e.g.*, *GoTV Streaming, LLC v. Netflix, Inc.*, 2023 WL 4237609, at *13-14 (C.D. Cal. May 24, 2023).

Apple has made no attempt to explain the relevance of such communications beyond a conclusory statement and reliance on a single case from *another* district to contend that "litigation funding agreements and related documents" have been found relevant and discoverable. But, even in that case, the court allowed only very limited discovery into the *identity* of a funder and the *existence* of certain documents related to patent valuation, finding that the remaining discovery was either irrelevant or protected work product. *Taction Tech.*, 2022 WL 18781396, at **5-8.[3] Here, Apple seeks to compel much broader discovery than that allowed in *Taction*, including a detailed description of *any and all* communications concerning the patents, without limiting subject matter.

---

[2] Apple's definition of "related to" includes "relating to, *in any way*, relevant to a particular subject, *in whole or in part*, either directly or *indirectly*," which further broadens the scope.
[3] Later in *Taction*, the court once again refused to compel broad discovery on litigation funding, as have other California district courts. *Taction Tech., Inc. v. Apple, Inc.*, 2023 WL 4611826, at **4-7 (S.D. Cal. July 18, 2023); *see, e.g., GoTV Streaming, LLC,* 2023 WL 4237609, at *1.

### C.      Apple Seeks Documents and Information on Irrelevant Products

Rog 16 seeks details regarding a NetSeal RoamMate Product, which is *not* MPH's product. RFP 46 seeks all documents about all products of now-defunct Netseal and NMT, including RoamMate, as well as MPH. Apple has not met its burden of showing the relevance of such discovery. Apple vaguely speculates that RoamMate "appears to be" prior art, but Apple has *not* identified RoamMate (or any other Netseal, NMT, or MPH products) in its invalidity contentions (which PLR 3-3(a) requires)—despite public information about RoamMate. Nor has MPH identified the product as an instrumentality that practices the claimed invention under PLR 3-1(g). Rather, MPH's response to Rog 16 identifies key differences between RoamMate and its patents. These discovery requests are a fishing expedition well outside of Apple's allegations.

Nevertheless, MPH has provided a sufficient and complete response to Rog 16. Under Rule 33(d), MPH identified hundreds of pages of documents describing the functionalities of different versions of RoamMate and also multiple documents in its possession which provide information about different versions of the RoamMate product. Apple has not explained why MPH's production and identification of documents are insufficient or why it should be allowed to seek all documents about *any and all* products of MPH and prior patent owners that are not even relevant to the case. Notably, Apple has refused to produce complete documents on a limited subset of its own products. *See* Dkt. 128 (regarding RFPs 90-91).

### D.      The Parties' Alleged Dispute as to Rog 14 is Moot

MPH's response to Rog 14 thoroughly describes the history, asset transfers, and relationships of "Intra Secure Networks Oy [sic], Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding – MPH Oy, and MPH Technologies Oy" based on the information available to MPH. MPH also cites documents under Rule 33(d). For the first time with its discovery dispute letter, Apple notified MPH of specific issues it had with MPH's response, including that it did not understand the relationship between "POY Mobility Patent Holding" and MPH, and that MPH had not produced a specific appendix. MPH promptly supplemented its response to clarify who "POY Mobility Patent Holding" is and produced the appendix. As for the identification of who possesses these entities' documents, Apple has not explained the relevance of such information. Regardless, MPH answered Rog 14 with the information available to it.

### E.      The Parties' Alleged Dispute as to RFP 49 and Rog 13 is Moot

Regarding RFP 49, MPH has agreed to produce responsive documents. As for Rog 13, MPH has identified evidence supporting paragraph 21 of its Complaint in its response, including by citing documents produced. Apple simply disagrees with MPH on what it means to develop technology. Apple also takes issue with MPH's use of "for example" in its response. But, Apple also uses the same phrase in its own interrogatory responses. MPH's April 26, 2024 letter to Apple stated: "As a courtesy to Apple, MPH is reviewing its response and will supplement its response to either remove the use of the introductory phrase 'for example' or provide any additional 'examples' of which it is presently aware, assuming Apple agrees to do the same for its responses to Interrogatory Nos. 5 and 7. Please confirm." Ex. 5. Apple ignored MPH's letter and sent this dispute letter instead.

Respectfully submitted,

Dated:  June 25, 2024          By:   */s/ Dragan Gjorgiev*
                                    Dragan Gjorgiev

                                    Attorneys for Plaintiff
                                    *MPH TECHNOLOGIES OY*

                                    Patricia L. Peden, Esq. (SBN 206440)
                                    ppeden@bwslaw.com
                                    BURKE, WILLIAMS & SORENSEN, LLP
                                    1999 Harrison Street, Suite 1650
                                    Oakland, CA 94612
                                    Phone: (510) 273-8780
                                    Fax: (510) 839-9104

                                    Christopher J. Lee (pro hac vice)
                                    clee@leesheikh.com
                                    David J. Sheikh (pro hac vice)
                                    dsheikh@leesheikh.com
                                    Brian E. Haan (pro hac vice)
                                    bhaan@leesheikh.com
                                    Ashley E. LaValley (pro hac vice)
                                    alavalley@leesheikh.com
                                    Dragan Gjorgiev (pro hac vice)
                                    dgjorgiev@leesheikh.com
                                    James D. Mitchell (pro hac vice)
                                    jmitchell@leesheikh.com
                                    LEE SHEIKH & HAAN LLC
                                    125 South Clark Street, Suite 1175
                                    Chicago, IL 60603
                                    Phone: (312) 982-0070
                                    Fax: (312) 982-0071

Dated:  June 25, 2024          By:  */s/ Ryan J. Malloy*
_____
                                    Ryan J. Malloy

                                    Attorneys for Defendant
                                    *APPLE INC.*

                                    BITA RAHEBI
                                    RYAN J. MALLOY
                                    ROSE S. LEE
                                    NIMA KIAEI
                                    MORRISON & FOERSTER LLP
                                    707 Wilshire Boulevard
                                    Los Angeles, California 90017-3543
                                    Telephone: (213) 892-5200
                                    Facsimile:  (213) 892-5454
                                    brahebi@mofo.com
                                    rmalloy@mofo.com
                                    roselee@mofo.com
                                    nkiaei@mofo.com

                                    RICHARD S.J. HUNG
                                    MORRISON & FOERSTER LLP
                                    425 Market Street
                                    San Francisco, California  94105
                                    Telephone: (415) 268-7000
                                    Facsimile:  (415) 268-7522
                                    rhung@mofo.com

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(h)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the other signatories.

Dated:  June 25, 2024          By:  */s/ Ryan J. Malloy*
_____
                                    Ryan J. Malloy

                                    Attorney for Defendant
                                    *Apple Inc.*

# EXHIBIT 1

1    Patricia L. Peden, Esq. (SBN 206440)
     ppeden@bwslaw.com
2    BURKE, WILLIAMS & SORENSEN, LLP
     1999 Harrison Street, Suite 1650
3    Oakland, CA 94612
     Phone: (510) 273.8780
4    Fax: (510) 839.9104

5

6    Christopher J. Lee (*Pro Hac Vice*)
     clee@leesheikh.com
     David J. Sheikh (*Pro Hac Vice*)
7    dsheikh@leesheikh.com
     Brian E. Haan (*Pro Hac Vice*)
8    bhaan@leesheikh.com
     Ashley E. LaValley (*Pro Hac Vice*)
9    alavalley@leesheikh.com
     Dragan Gjorgiev (*Pro Hac Vice*)
10   dgjorgiev@leesheikh.com
     James D. Mitchell (Pro Hac Vice)
11   jmitchell@leesheikh.com
     LEE SHEIKH & HAAN LLC
12   125 South Clark Street, Suite 1175
     Chicago, IL 60603
13   Phone: (312) 982-0070
     Fax: (312) 982-0071

14

15   Attorneys for Plaintiff
     *MPH TECHNOLOGIES OY*

16                 **UNITED STATES DISTRICT COURT**

17               **NORTHERN DISTRICT OF CALIFORNIA**

18                  **SAN FRANCISCO DIVISION**

19   MPH TECHNOLOGIES OY,            Case No. 3:18-cv-05935-TLT

20              Plaintiff,       **MPH TECHNOLOGIES OY'S**
                                      **OBJECTIONS AND RESPONSES TO**
21               vs.             **APPLE, INC.'S SECOND SET OF**
                                      **REQUESTS FOR THE PRODUCTION**
22   APPLE INC.,                   **OF DOCUMENTS AND THINGS (NOS.**
                                      **44-50)**
23             Defendant.

24                                   Judge: Hon. Trina L. Thompson

25

26        In accordance with Federal Rule of Civil Procedure 34, Plaintiff MPH Technologies Oy

27 ("MPH") responds to Defendant Apple, Inc.'s ("Apple") Second Set of Requests for the Production of

28 Documents and Things (Nos. 44-50) as follows:

---

In producing documents and things in response to Apple's requests, MPH will rely upon the permissible scope of discovery set forth by the Federal Rules of Civil Procedure, the Local Rules, Court orders and governing case law.

Except as otherwise specified in MPH's responses to the individual requests below, MPH will endeavor to produce additional non-privileged, non-work product documents and things responsive to Apple's requests on a rolling basis. As Apple is aware, MPH has already produced many documents responsive to these requests.

Where MPH specifies in its responses to specific Requests below that it is withholding documents or things due to attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity, MPH will submit to Apple a privilege log on or before sixty (60) days before the close of fact discovery. *See* Dkt. 80, p. 6.

MPH objects to Apple's definition of "Communication(s)" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')." MPH has lodged specific objections below on that basis where Apple apparently requested these materials, but MPH maintains the objection as to all requests intended by Apple to cover these materials.

MPH reserves the right to supplement and/or amend its responses as necessary or appropriate, as provided for in Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 44:

All Documents Related to shareholders of MPH, including any Communications with shareholders of MPH and each shareholder's financial interest in MPH.

### RESPONSE:

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH

objects to Apple's definition of "MPH" as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it includes any entities other than MPH Technologies Oy. MPH objects to this request as seeking documents that are not relevant and not bearing on any issue, claim or defense in this case, including "Documents Related to … each shareholder's financial interest in MPH." MPH further objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents Related to shareholders of MPH" are not clearly defined and not relevant to the claims and defenses in this case. MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case because it is unlimited in time. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request Nos. 7 and 11. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')."

Subject to and without waiving its objections, MPH will not produce documents responsive to this request as written. Further answering, MPH has filed its Certification of Conflicts and Interested Entities or Persons (Dkt. 13) pursuant to Civil L.R. 3-15 and its Corporate Disclosure Statement (Dkt. 13) pursuant to Federal Rule of Civil Procedure 7.1.

**REQUEST FOR PRODUCTION NO. 45:**

All Documents Related to any Communications with any litigation funding entities (including Omni Bridgeway).

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH further objects to this request as overly broad and not proportional to the needs of the case in that "All Documents Related to any Communications with any litigation funding entities" are not clearly defined

MPH'S OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF REQUESTS FOR THE PRODUCTION (NOS. 44-50)
CASE NO. 3:18-CV-05935-TLT

2

and are not relevant to the claims and defenses in this case. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request No. 15. MPH further objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it seeks communications between MPH and any litigation funding entities. *See, e.g., MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 118595, at *2 (N.D. Cal. Jan. 7, 2019); *NantWorks, LLC v. Niantic, Inc.,* 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022). MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case because it is unlimited in time. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')."

Subject to and without waiving its objections, MPH will not produce documents responsive to this request as written. Further answering, MPH has filed its Certification of Conflicts and Interested Entities or Persons (Dkt. 13) pursuant to Civil L.R. 3-15 and its Corporate Disclosure Statement (Dkt. 13) pursuant to Federal Rule of Civil Procedure 7.1.

**REQUEST FOR PRODUCTION NO. 46:**

All Documents (including Communications) Related to any products developed or produced by Intra Secure Networks Oy, Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding MPH Oy, and MPH Technologies OY, including the NetSeal RoamMate product discussed at the following URL, including the dates, locations, and circumstances of any public disclosures, sales, and uses of such products and any differences between the product and the Asserted Claims: https://news.cision.com/netprofile/r/netseal-technologies-showcases-secureip-mobility-for-existing-and-third-generation-networks,e42234.

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad,

unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH objects to this request as seeking documents that are not relevant and not bearing on any issue, claim or defense in this case. Apple has not identified the relevance of "the NetSeal RoamMate product" to any issues in this case. For example, Apple has not identified "the NetSeal RoamMate product" in its Patent L.R. 3-3 Invalidity Contentions nor has MPH identified the product as an instrumentality that practices the claimed invention under Patent L.R. 3-1(g). MPH further objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents (including Communications) Related to *any* products" are not clearly defined and are not relevant to the claims and defenses in this case. MPH also objects to this request because it seeks opinion information that is more properly the subject of expert discovery, including whether documents show "any differences between the [NetSeal RoamMate] product and the Asserted Claims." MPH will disclose any such analyses and opinions (if relevant) pursuant to the Federal Rules of Civil Procedure, the Local Rules, and any Court Orders, including Scheduling Orders entered by the Court. MPH also objects to this request as vague and ambiguous because the cited URL does not identify any specific version or iteration of "the NetSeal RoamMate product." MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case because it is unlimited in time. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')." MPH also objects to this request as seeking documents and things outside of MPH's possession, custody, and control.

Subject to and without waiving its objections, MPH will produce non-privileged, non-work product, and non-email documents sufficient to show the functionalities of the NetSeal RoamMate product from prior to January 22, 2002 that are in MPH's possession, custody, or control, and are located after a reasonable search.

## REQUEST FOR PRODUCTION NO. 47:

All Documents (including Communications) Related to the role of Harri Yli-Kujala and each Named Inventor on each Asserted Patent in the conception, reduction to practice, research, design,

1  and/or development of the subject matter disclosed and/or claimed in the Asserted Patents, or Related

2  to, the subject matter claimed and/or disclosed in the Asserted Patents.

3  **RESPONSE:**

4       MPH objects to this request as seeking documents that are protected by the attorney-client

5  privilege, work product immunity, joint or common interest privilege, or any other applicable privilege

6  or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad,

7  unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH

8  also objects to this request as overly broad and not proportional to the needs of the case in that "*All*

9  Documents … Related to" the role of Harri Yli-Kujala and each Named Inventor in the conception,

10  reduction to practice, research, design, and/or development of the subject matter disclosed and/or

11  claimed in the Asserted Patents, or Related to, the subject matter claimed and/or disclosed in the

12  Asserted Patents are not clearly defined and are not relevant to the claims and defenses in this case.

13  MPH also objects to this request as overly broad, unduly burdensome, and seeking irrelevant

14  information not proportional to the needs of the case because it is unlimited in time. MPH objects to

15  this request as unreasonably cumulative or duplicative of Apple's Request No. 27. MPH objects to

16  Apple's definition of "Communications" as including email or other forms of electronic

17  correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that

18  "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include

19  email or other forms of electronic correspondence (collectively 'email')." MPH also objects to this

20  request as seeking documents and things outside of MPH's possession, custody, and control.

21       Subject to and without waiving its objections, MPH has already produced non-privileged, non-

22  work product documents in MPH's possession, custody, or control that were located after a reasonable

23  search in accordance with Patent Local Rule 3-2(b).

24  **REQUEST FOR PRODUCTION NO. 48:**

25       All Documents (including Communications) Related to the history and relationships of Intra

26  Secure Networks Oy, Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding

27  MPH Oy, and MPH Technologies OY, including Documents Related to when each entity was founded

28  and terminated and the terms (including monetary amounts) of any transfers of the Asserted Patents

1  and Related Patents among said entities.

2  **RESPONSE:**

3      MPH objects to this request as seeking documents that are protected by the attorney-client

4  privilege, work product immunity, joint or common interest privilege, or any other applicable privilege

5  or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad,

6  unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH

7  also objects to this request as overly broad and not proportional to the needs of the case in that "*All*

8  Documents … Related to the *history* and *relationships*" of Intra Secure Networks Oy, Netseal Oy,

9  Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding MPH Oy, and MPH Technologies

10  OY are not clearly defined and are not relevant to the claims and defenses in this case. MPH also objects

11  to this request as overly broad and not proportional to the needs of the case in that "Documents Related

12  to … any transfers of the … Related Patents" are not clearly defined and are not relevant to the claims

13  and defenses in this case. MPH objects to this request as unreasonably cumulative or duplicative of

14  Apple's Request No. 21. MPH objects to Apple's definition of "Communications" as including email

15  or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation

16  (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure

17  34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')."

18  MPH also objects to this request as seeking documents and things outside of MPH's possession,

19  custody, and control.

20      Subject to and without waiving its objections, MPH will produce non-privileged, non-work

21  product, and non-email documents concerning when each of Intra Secure Networks Oy, Netseal Oy,

22  Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding MPH Oy, and MPH Technologies

23  OY was founded and/or terminated that are in MPH's possession, custody, or control, and are located

24  after a reasonable search, to the extent MPH has not done so already. MPH has already produced copies

25  of the assignments for the Asserted Patents and the agreement for the transfer of the Asserted Patents

26  to MPH.

27  **REQUEST FOR PRODUCTION NO. 49:**

28      All Documents (including Communications) Related to the following statement made in

Paragraph 21 of MPH's Complaint (Dkt. No. 1): "MPH has continued its business of developing and licensing network mobility and security technologies developed by Netseal. MPH's patented technologies have been adopted and utilized by mobile and secure communications industries. A number of these patented technologies have been adopted by these industries and incorporated into their product lines as standard or 'default' features."

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "Related to" as vague and ambiguous, overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case. MPH objects to Apple's definition of "MPH" as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it includes any entities other than MPH Technologies Oy. MPH also objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents … Related to" the allegation quoted above are not clearly defined and are not relevant to the claims and defenses in this case. MPH also objects to this request as seeking documents that are equally available to both Apple and MPH or are in the possession of Apple and/or third parties. MPH objects to Apple's definition of "Communications" as including email or other forms of electronic correspondence because the parties have negotiated an ESI Stipulation (Dkt. 88) that provides that "General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively 'email')."

Subject to and without waiving its objections, MPH will produce non-privileged, non-work product, and non-email documents to support its contention in paragraph 21 of its Complaint (Dkt. 1) that are in MPH's possession, custody, or control, and are located after a reasonable search, to the extent MPH has not done so already.

**REQUEST FOR PRODUCTION NO. 50:**

All Documents that support or undermine MPH's contention that any license identified in MPH's response to Apple's May 1, 2023 Interrogatory No. 4 is not comparable to a license to which MPH and Apple would have agreed in a hypothetical negotiation.

**RESPONSE:**

MPH objects to this request as seeking documents that are protected by the attorney-client privilege, work product immunity, joint or common interest privilege, or any other applicable privilege or immunity. MPH objects to Apple's definition of "MPH" as overly broad, unduly burdensome, and seeking irrelevant information not proportional to the needs of the case to the extent it includes any entities other than MPH Technologies Oy. MPH also objects to this request as overly broad and not proportional to the needs of the case in that "*All* Documents that *support* or *undermine* MPH's contention" are not clearly defined and are not relevant to the claims and defenses in this case, particularly to the extent such documents were not relied upon. MPH also objects to this request because it seeks opinion information that is more properly the subject of expert discovery, including whether documents "support or undermine MPH's contention that any license … is not comparable." MPH will disclose any such analyses and opinions (if relevant) pursuant to the Federal Rules of Civil Procedure, the Local Rules, and any Court Orders, including Scheduling Orders entered by the Court. MPH objects to this request as unreasonably cumulative or duplicative of Apple's Request Nos. 41 and 43.

Subject to and without waiving its objections, MPH will produce non-privileged, non-work product, and non-email documents it intends to rely on for comparing any license to a license MPH and Apple would have agreed to in a hypothetical negotiation that are in MPH's possession, custody, or control, and are located after a reasonable search, to the extent MPH has not done so already.

MPH's OBJECTIONS AND RESPONSES TO APPLE'S SECOND SET OF REQUESTS FOR THE PRODUCTION (NOS. 44–50) CASE NO. 3:18-CV-05935-TLT

8

Dated: April 10, 2024

Respectfully submitted,


/s/ *Dragan Gjorgiev*
Patricia L. Peden, Esq. (SBN 206440)
ppeden@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
1999 Harrison Street, Suite 1650
Oakland, CA 94612
Phone: (510) 273.8780
Fax: (510) 839.9104

Christopher J. Lee (*Pro Hac Vice*)
clee@leesheikh.com
David J. Sheikh (*Pro Hac Vice*)
dsheikh@leesheikh.com
Brian E. Haan (*Pro Hac Vice*)
bhaan@leesheikh.com
Ashley E. LaValley (*Pro Hac Vice*)
alavalley@leesheikh.com
Dragan Gjorgiev (*Pro Hac Vice*)
dgjorgiev@leesheikh.com
James D. Mitchell (*Pro Hac Vice*)
jmitchell@leesheikh.com
LEE SHEIKH & HAAN LLC
125 South Clark Street, Suite 1175
Chicago, IL 60603
Phone: (312) 982-0070
Fax: (312) 982-0071

Attorneys for Plaintiff
*MPH TECHNOLOGIES OY*

MPH's Objections And Responses To Apple's Second Set Of Requests For The Production (Nos. 44-50)
Case No. 3:18-CV-05935-TLT

9

1

**CERTIFICATE OF SERVICE**

2

The undersigned hereby certifies that on April 10, 2024 the foregoing:

3

**MPH TECHNOLOGIES OY'S OBJECTIONS AND RESPONSES**

4

**TO APPLE, INC.'S SECOND SET OF REQUESTS FOR THE PRODUCTION**

5

**OF DOCUMENTS AND THINGS (NOS. 44-50)**

6

was served via electronic transmission on the following counsel of record.

7

8

Bita Rahebi (brahebi@mofo.com)          Richard S.J. Hung (rhung@mofo.com)
Nima I. Kiaei (nkiaei@mofo.com)          Morrison & Foerster LLP

9

Rose S Lee (roselee@mofo.com)            425 Market Street
Ryan James Malloy (rmalloy@mofo.com)     San Francisco, CA 94105

10

Morrison & Foerster LLP                  (415) 268-7000
707 Wilshire Boulevard                   Fax: (415) 268-7522

11

Suite 6000
Los Angeles, CA 90017-3543

12

(213) 892-5428
Fax: (213) 892-5200

13

14

Bethany Marvin Stevens (bstevens@wscllp.com)
Hannah L. Cannom (hcannom@wscllp.com)

15

Walker Stevens Cannom LLP
500 Molino Street #118

16

Los Angeles, CA 90013
213-337-4551

17

Fax: 213-403-4906

18

19

/s/ _Dragan Gjorgiev_
Attorneys for Plaintiff

20

MPH TECHNOLOGIES OY

21

22

23

24

25

26

27

28

# EXHIBIT 2

# FILED UNDER SEAL

# EXHIBIT 3

# FILED UNDER SEAL

# EXHIBIT 4

PRESS RELEASE

**Contact:**
CEO Panu Pietikainen
P.O. Box 38
Street address: Niittykatu 6
02200 Espoo, Finland
Cellular +358 50 624 73
Fax +358 9 4353 1100
panu.pietikainen@netseal.com

**Agency Contact:**
NetProfile Finland Oy
Christina Forsgard
Pieni Roobertinkatu 5 B
00130 Helsinki, Finland
Tel. +358 9 6812 080
Fax +358 9 6812 0850
christina@netprofile.fi

**Note to editors:** Netseal Technologies will exhibit at booth 1974 at Networld+ Interop, May 8-10, Las Vegas. NetSeal Technologies' CEO and founder Panu Pietikainen will be available for interviews during May 8-9. For setting up meetings, please contact Mia Silvenius, cellular phone +358 50 524 4874.

## NETSEAL TECHNOLOGIES SHOWCASES
## SECURE IP-MOBILITY FOR EXISTING AND THIRD GENERATION NETWORKS

**Las Vegas – May 8, 2001 –** NetSeal Technologies – a Finnish software company providing third generation IP-mobility solutions to carriers, corporations and equipment manufacturers – is introducing RoamMate, a secure IP-mobility software product that makes seamless roaming possible between WLAN, LAN, Bluetooth, GPRS and UMTS networks.  NetSeal's software product will be showcased this week to international audiences at Networld+Interop in Las Vegas (Booth 1974).

With NetSeal's unique IP-roaming technology, all users are securely connected to the network regardless of place, time, access media or terminal (laptop, PC, PDA, etc.). NetSeal's RoamMate IP-mobility software enables wireless network users to move freely from one network node to another without system reconfiguration – a critical factor in the expansion of mass-market wireless services.

"RoamMate empowers wireless service operators with a field tested and reliable product that enables them to leverage the new customer service potential of existing and next generation networks," says **Panu Pietikainen**, CEO of Netseal Technologies. "It provides a cost efficient, advanced service that gives early mover wireless operators an undisputable head start in the wireless space."

While emerging wireless technologies are beginning to make it possible for operators to offer innovative new services, the best use of these technologies requires seamless and secure mobility across multiple networks. NetSeal's RoamMate provides automated roaming, for example, from wired Intranet to office WLAN to out-of-office GPRS and eventually to UMTS.

RoamMate is already in use in Finland.  Early adopters range from university campus and corporate LAN, WLAN and dial-up environments to the catering service company on trains operated by Finnish State Railways.

"NetSeal is now actively seeking international integration partners, vendors and clients," explained Pietikainen.  We believe there is already a great need for its seamless roaming capabilities in the United States – and most specifically on the U.S. West Coast, where an existing wireless technology foundation acts as the research hub for major wireless players.

"That area's great potential to become one of the world's most powerful wireless market's may be hampered without tested technologies that support the convergence of currently separate networks," concludes Pietikainen.

**Technology behind RoamMate**

RoamMate software enables the users to freely roam between any wireless or wired connections without dropping packets or sacrificing security.  Encryption in compliance with the IPSec standard, the IKE key exchange protocol and user identification work to guarantee network data security.  RoamMate changes security keys every three minutes. Each client is given a unique key, which also prevents intruders from accessing the network.

Uninterrupted connections are made possible by the automatic location update using DHCP, IP roaming and support for several different networks. RoamMate allows transfer of the terminal connection from one LAN, WLAN, Ethernet, modem, ISDN, CDMA, TDMA or GPRS connection to another. RoamMate also includes support for Network Address Translation (NAT), which allows wider access via the Internet to a company's internal networks.

RoamMate operates as a supplement to a wide selection of tools for versatile management of network traffic and such associated functions as invoicing and network management. RoamMate is available for Windows NT 4.0, 95, 98 and 2000 versions as well as for Linux.

**About NetSeal Technologies**
NetSeal Technologies is focused on developing software that enables IP mobility combined with high security. Founded in 1996, the company is headquartered in Espoo, Finland. Operations are currently being expanded to international markets. Netseal will establish sales offices in the United States during 2001. The company's investors include Fidelity Ventures and CapMan Capital Management. NetSeal Technologies is a member of HP Mobile Bazaar and an active member of IETF influencing mobile IP and security standardization.

**For additional information, please visit www.netseal.com.**

# EXHIBIT 5

# LEE SHEIKH & HAAN

125 South Clark Street, Suite 1175
Chicago, Illinois 60603

(312) 982-0070

_____

www.iplitigation.com

Dan Gjorgiev
Direct Dial: (312) 940-3807                                    dgjorgiev@leesheikh.com

April 26, 2024

*Via email (rmalloy@mofo.com)*

Ryan J. Malloy
Nima Kiaei
Morrison & Foerster LLP
707 Wilshire Boulevard
Los Angeles, CA 90017

Re:     **MPH Techs. Oy v. Apple Inc., No. 3:18-cv-05935-TLT (N.D. Cal.)**

Dear Counsel:

This letter follows up on the parties' April 22, 2024 meet-and-confer regarding MPH's Objections and Responses to Apple's Second Set of Requests for the Production of Documents and Things (Nos. 44-50) and MPH's Objections and Answers to Apple's Third Set of Interrogatories (Nos. 12-16). As an initial matter, the parties' meet-and-confer with respect to those discovery requests was not a productive use of the parties' time or sufficient under the Court's Civil Standing Order because Apple did not make a good faith effort to resolve any alleged dispute between the parties.

First, despite repeated requests from MPH, Apple refused to identify in advance the specific alleged discovery deficiencies it intended to raise during the meet-and-confer, depriving MPH of the opportunity to fully prepare for a productive discussion with Apple. *See* MPH's April 16, 2024, April 17, 2024, and April 18, 2024 emails. Apple instead stated that it would "attempt to walk through MPH's responses and objections with [MPH] live before bringing any issues to the Court's attention." *See* Apple's April 18, 2024 email. Then, during the meet-and-confer, Apple provided little to no information about why it believes MPH's responses are deficient, instead merely rushing to declare an "impasse" where MPH was seeking explanations about Apple's overbroad discovery requests. Accordingly, MPH believes that further discussions about Apple's discovery requests between the parties are warranted. In particular, MPH requests that Apple

provide a written explanation as to why it believes MPH's responses are deficient, so that MPH can have a meaningful opportunity to address or resolve any legitimate concerns.

## I.   Apple's Requests for Production Nos. 44-50

MPH has provided complete written responses to all of Apple's RFPs 44-50. Accordingly, Apple's vague assertion that "Apple requires … complete productions in response to each RFP" has not been helpful in identifying any alleged deficiencies in MPH's written responses. By contrast, Apple's last Objections and Responses to MPH's Second Set of Requests for the Production of Documents and Things (Nos. 99-128) merely stated that "Apple is willing to meet and confer with MPH regarding the scope of this Request" for **ten** of the document requests— rather than fully responding to the requests themselves.

MPH is attempting to work in good faith with Apple to address or resolve any legitimate deficiencies with MPH's written responses. So it can do so, MPH requests that Apple identify any alleged deficiencies with specificity and in writing. MPH has identified areas where further information is needed from Apple, as follows:

RFP 44 seeks any and all documents about "shareholders of MPH." Apple has not explained the relevance of such documents, noting only that such documents are somehow relevant to "liability, damages, and bias." Notably, Apple confirmed that it would not be producing documents about its own shareholders.

RFP 45 seeks documents about litigation funding entities. MPH has invited Apple to provide caselaw about the relevance of such documents, and to date, Apple has not done so. MPH intends to rely on at least the caselaw it cited in its written response to RFP 45 (from this District).

RFP 46 seeks any and all documents about any and all products of Netseal, NMT, and MPH, including RoamMate. Apple has not explained the relevance of such documents, noting only that such documents are somehow relevant to "liability, damages, invalidity, and inequitable conduct." But, Apple has not asserted an inequitable conduct defense (nor could it), nor has Apple identified any Netseal, NMT, or MPH products in its invalidity contentions. Thus, this request is a fishing expedition well outside what Apple has alleged. Also, Apple has not explained why MPH's written response on providing documents sufficient to show the functionalities of RoamMate is insufficient, nor has it explained why MPH current production of 231 documents which contain the terms [RoamMate OR "roam mate" OR roamate] is deficient. Notably, Apple has refused to produce complete documents on a *limited subset* of its own products, but is seeking any and all documents about *any and all* products from MPH. *See* Dkt. 128 (RFPs 90-91).

RFP 47 seeks any and all documents about the development of the subject matter disclosed in the Asserted Patents. MPH asked Apple to identify any differences between what is sought by RFP 47 and what MPH has already produced pursuant to RFP 27 and Patent Local Rule 3-2(b) and Apple could not do so. Apple explained that there is overlap between RFP 47 and RFP 49, particularly in regards to MPH's development of the subject matter claimed in the Asserted Patents, but MPH's written response already states that MPH will produce documents responsive

Page 3
April 26, 2024

to RFP 49. Apple has not identified what documents it is exclusively seeking with RFP 47 and that MPH has not already agreed to produce in response to other RFPs, such as RFPs 27 and 49.

RFP 48 seeks any and all documents about the history and relationships of MPH and its predecessors. Apple was unaware that MPH had produced documents responsive to RFP 48. MPH asked Apple to describe what additional types of documents Apple is asking for and Apple refused to do so.

RFP 49 seeks any and all documents about Paragraph 21 of MPH's Complaint. Apple refused to explain why it believes MPH's written response that MPH will produce responsive documents is insufficient. Again, we reiterate that we will produce all non-privileged, non-work product, and non-email documents responsive to this request that MPH locates after a reasonable search, to the extent it has not already done so.

RFP 50 seeks any and all documents "that support or undermine MPH's contention that any license identified in MPH's response to Apple's May 1, 2023 Interrogatory No. 4 is not comparable to a license to which MPH and Apple would have agreed in a hypothetical negotiation." We maintain that this is a wholly improper document request that is subject to input from a damages expert. Nevertheless, MPH confirms that it is not withholding any non-privileged, non-work product documents responsive to this request. Apple has not explained why it believes MPH's written response, which states that MPH will produce responsive documents, is otherwise deficient.

## II.    Apple's Interrogatories Nos. 12-16

Apple has also provided inadequate and unclear explanations as to why it believes MPH's responses to Apple's Interrogatories Nos. 12-16 are deficient. As explained below, MPH's written responses to Interrogatories Nos. 13-16 are thorough and complete, based on the information available to MPH. MPH's written response to Integratory No. 12 objects to the overbroad scope of Interrogatory No. 12.

Interrogatory No. 12 broadly seeks a detailed narrative description and identification of any and all communications with any and all entities regarding the Asserted Patents and Related Patents which is not sufficiently limited by subject matter or time. MPH has already provided responsive information in its written response to Apple's Interrogatory No. 4, which seeks an identification of "all Persons or entities who have ever held or been offered any interest in or rights to the Asserted Patents or any Related Patent or in this litigation…." Apple has not explained why a detailed description and identification of any and all communications beyond what MPH has provided in response to Interrogatory No. 4 is relevant, particularly because such a request read literally would include any communication regarding the patents, in any respect, with any entity, over the course of a decade, and could even seek to capture internal MPH communications and privileged communications between MPH and its counsel. Interrogatory No. 12 also plainly violates the parties' agreements regarding the deadline to exchange privilege logs and regarding email discovery. Apple has refused to provide a proposal for narrowing the scope of Interrogatory No. 12.

Page 4
April 26, 2024

Interrogatory No. 13 seeks an identification of evidence supporting paragraph 21 of MPH's Complaint. MPH has identified such evidence in its written response, including by citing to documents MPH has produced. Apple has not identified any deficiencies in MPH's written response and instead, seems to simply disagree with the positions taken by MPH. Apple also takes issue with MPH's use of the phrase "for example" in its response. Apple has used the same phrase multiple times in its own interrogatory responses, including in its recent supplemental responses to MPH's Interrogatory Nos. 5 and 7. As a courtesy to Apple, MPH is reviewing its response and will supplement its response to either remove the use of the introductory phrase "for example" or provide any additional "examples" of which it is presently aware, assuming Apple agrees to do the same for its responses to Interrogatory Nos. 5 and 7. Please confirm.

Interrogatory No. 14 seeks a description of the history and relationships of "Intra Secure Networks Oy [sic], Netseal Oy, Netseal Mobility Technologies – NMT Oy, Mobility Patent Holding – MPH Oy, and MPH Technologies Oy" along with an identification of who possesses any of these entities' documents. MPH's written response thoroughly describes the history, asset transfers, and relationships of these entities based on the information available to MPH. Its written response also cites to documents MPH has produced, which Apple's counsel had admittedly not reviewed prior to the parties' meet-and-confer. As described above, such documents are responsive to RFP 48. As for the identification of who possesses these entities' documents, MPH asked Apple to clarify *which* documents Apple is referring to, and Apple has responded that it is broadly seeking an identification of *any and all* company records previously possessed by each entity at any time, regardless of whether such documents would be relevant to any party's claim or defense. Apple did not explain the relevance of such information. However, in an attempt to address Apple's concerns, MPH clarified that it is not withholding any documents in its possession, custody, or control in response to any of Apple's RFPs on the basis that such documents were previously possessed or generated by either of Netseal Oy or Netseal Mobility Technologies – NMT. We are confirming whether MPH has any additional responsive information regarding who possesses the company records of these entities and will supplement the response if necessary.

Interrogatory No. 15 seeks a description of the role of each inventor named on an Asserted Patent. While Apple vaguely asserted that this information is relevant to "Section 102(f)," we noted that Apple has not asserted invalidity on that basis, and this interrogatory appears to be yet another fishing expedition by Apple. Nevertheless, MPH's written response provides the information currently available to MPH including by citing documents MPH has produced. Apple has not identified any information it believes MPH is withholding.

Interrogatory No. 16 seeks information about RoamMate. During the meet-and-confer, and as further explained above, Apple could not explain the relevance of this product, seeing as Apple has not asserted RoamMate as prior art in its invalidity contentions and MPH has not identified it as an instrumentality that practices the claimed inventions pursuant to Patent L.R. 3-1(g) or in response to Apple's Interrogatory No. 2. MPH has nonetheless identified significant differences between RoamMate and the asserted claims in its written response and has also cited numerous documents in its production. Apple has not identified any information it believes MPH is withholding.

Page 5
April 26, 2024

    In view of the foregoing explanations by MPH, to the extent Apple continues to believe that MPH's written responses to Apple's Second Set of Requests for the Production of Documents and Things (Nos. 44-50) or its Third Set of Interrogatories (Nos. 12-16) are somehow deficient, please promptly provide a written explanation as to why it does so, so that MPH can work in good faith to address or resolve any legitimate concerns. If Apple refuses to do so, and intends to proceed with a discovery dispute letter in bad faith instead, which was the impression that MPH received from the parties' April 22, 2024 meet-and-confer, MPH requests that Apple attach this letter for the Court's consideration.


                                        Best regards,


                                        /s/ Dan Gjorgiev


CC: All Counsel of Record