IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| APPLE INC., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 24-mc-330 (CFC) |
| | ) | |
| OMNI BRIDGEWAY (USA) LLC, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT OMNI BRIDGEWAY'S
REPLY IN SUPPORT OF MOTION TO TRANSFER**

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT &TUNNELL LLP |
|  | Jack B. Blumenfeld (#1014) |
|  | Brian P. Egan (#6227) |
|  | 1201 North Market Street |
|  | P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE 19899 |
|  | (302) 658-9200 |
| Jennifer A. Kash | jblumenfeld@morrisnichols.com |
| Francesca M. S. Germinario | began@morrisnichols.com |
| WARREN KASH WARREN LLP |  |
| 2261 Market Street, Suite 606 | *Attorneys for Respondent* |
| San Francisco, CA  94114 | *Omni Bridgeway (USA) LLC* |
| (415) 895-2940 |  |

August 2, 2024

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Apple Concedes that Exceptional Circumstances are Not Required for Transfer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   *Daimler* is Closely Analogous to Our Facts and Supports Transfer Here . . . 2

III.   The Cases Apple Cites are Inapposite and Fail to Rebut *Daimler* . . . . . . . . . 3

IV.   The Relevance of This Discovery is a Live Issue Before the Trial Court . . . 4

V.    Transfer of the Fully Briefed Motion Would Not Cause Delay . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

Page(s)

*Cases*

*In re Daimler Truck North America, LLC*,
    No. 23-90, 2023 WL 2456069 (D. Del. March 10, 2023) . . . . . . . . . 1-3, 5, 6

*In re I. M. Wilson, Inc.*,
    No. 21-MC-122, 2022 WL 1239905 (D. Del. Apr. 27, 2022) . . . . . . . . . . . . 3

*In re Salesforce, Inc.*,
    No. 23-27-CFC, D.I. 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*SEC v. Markman Biologics Corp.*,
    No. 23-432, 2023 U.S. Dist. LEXIS 226968 (S.D.N.Y.) . . . . . . . . . . . . . . 6, 7

*WSOU Invs., LLC v. Salesforce, Inc.*,
    No. 23-23, 2023 WL 8556305 (D. Nev. Dec. 11, 2023) . . . . . . . . . . . . . . . 3

# INTRODUCTION

Apple's arguments on opposition change neither the standard the Court should apply to Omni's Motion to Transfer, nor the facts Omni set forth regarding the underlying Litigation. Accordingly, the Court should transfer the motion to compel proceedings to the Northern District of California.

# ARGUMENT

## I. Apple Concedes That Exceptional Circumstances are Not Required for Transfer

Contrary to Apple's Opposition, Omni does not suggest that transfer is "automatic" upon consent, but rather argues that it has carried its burden to show transfer is appropriate under Federal Rule of Civil Procedure 45(f), which allows a court to transfer a motion "to the issuing court if the person subject to the subpoena consents" or if there are "exceptional circumstances." *See* Fed. R. Civ. P. 45.[1]

Indeed, Apple concedes on opposition what it would not during meet and confer—Omni consents to transfer and thus "is not required to demonstrate 'exceptional circumstances'" to transfer the case. *See* Opp. at 3; *cf. In re Daimler*, 2023 WL 2456069, at *2 (finding exceptional circumstances "not required").

---

[1] Apple makes much of the Committee Notes to Fed. R. Civ. P. 45, *see* Opp. at 2-3, but cannot refute what *Daimler* acknowledges: "[i]n new Rule 45(f)" the "consent of the person subject to the subpoena is sufficient to permit transfer to the issuing court." *In re Daimler Truck North America, LLC,* No. 23-90, 2023 WL 2456069, at *1 (D. Del. March 10, 2023) (quoting Fed. R. Civ. P. 45, Committee Notes on Rules (2013)).

1

## II. *Daimler* is Closely Analogous to Our Facts and Supports Transfer Here

Apple attempts to distinguish *Daimler*'s corollary finding that exceptional circumstances are "not required" as "consent is sufficient to warrant transfer," but *Daimler i*s on all fours with the facts here. *In re Daimler,* 2023 WL 2456069, at *2. In *Daimler*, the subpoenaing party sought, just as Apple does, "further information" regarding the plaintiff's "litigation financing arrangement," arguing, as Apple does, "that the discovery sought is relevant to multiple issues in the Patent Case such as damages, standing, identification of the real party in interest, the credibility of EPS's witnesses, and EPS's potential 'David v. Goliath' trial theme." *In re Daimler*, 2023 WL 2456069, at *1. The *Daimler* subpoenaing party opposed transfer on the same bases Apple does—"that '[LUSC 22-B] is a Delaware entity that has chosen to avail itself of Delaware law'" and "transfer is discretionary notwithstanding LUSC 22-B's consent." *Id*.

The *Daimler* court nevertheless transferred the case with just seven days left in discovery in the underlying case on three grounds, finding (i) "transfer would avoid interference with the time sensitive discovery schedule in the Patent Case"; (ii) the trial court "may have to rule on similar discovery issues between [the parties], and it is preferable to avoid the risk of inconsistent rulings"; and (iii) "the issuing court has greater involvement and more familiarity with the underlying patent litigation such that transfer back to that court promotes judicial economy." *In re*

2

*Daimler*, 2023 WL 2456069, at *1.  These grounds apply with equal force here, and militate toward transfer.

**III.     The Cases Apple Cites are Inapposite and Fail to Rebut *Daimler***

Apple's caselaw fails to support its position; their facts bear little to no resemblance to this case, and their findings do not rebut the holdings in *Daimler*. For example, Apple repeatedly cites *In re I.M. Wilson* to advocate that the Court decline to transfer here even with "consent by the subpoenaed party," but Apple fundamentally misunderstands the facts of *In re I.M. Wilson*.  The subpoenaed party there did not consent to transfer; in fact, the opinion explicitly states that "Respondent subpoenaed 'Nikolay Grishko, LLC'" and "Nikolay has refused to consent to transfer." *In re I.M. Wilson, Inc*., No. 21-122, 2022 WL 1239905, at *1-2 (D. Del. Apr. 27, 2022).

Apple also cites *WSOU Invs., LLC v. Salesforce, Inc*., No. 23-23, 2023 WL 8556305 (D. Nev. Dec. 11, 2023), but the case is not binding precedent for this Court, and what little the District Court of Nevada states of the facts underpinning the *WSOU* court's rationale is clearly distinguishable given the decision also sanctions the parties for their conduct.  Apple also fails to disclose the more relevant finding discussed in *WSOU*—the decision from this Court ultimately transferring Salesforce's motion to compel compliance with a related subpoena from the District

3

of Delaware to the trial court in the Western District of Texas where the subpoenaed party consented to transfer.  *See In re Salesforce, Inc.*, No. 23-27-CFC, D.I. 40.

**IV.     The Relevance of This Discovery is a Live Issue Before the Trial Court**

Apple also contends that the Court should exercise its discretion and deny transfer here based on the facts, arguing that the discovery it seeks from non-party Omni is not pending before the trial court and there is thus no risk of inconsistent decisions.  This is not correct.

Apple itself informed the trial court in a Joint Case Management Statement filed one week before its Opposition that the relevance of this subject matter is pending in the Litigation before the Northern District of California.  Ex. D (Litigation, D.I. 145) at 7.[2]  Apple represented to the court in the Litigation, just as it argued to this Court in its motion to compel, that "[c]ourts have recognized the relevance of these materials especially in patent cases and ordered their production," arguing that "district courts in California generally find discovery into third party investors relevant in patent litigation."  *Id.* at 20:3-15 & D.I. 2 [MTC] at 11.  Apple cannot deny that these matters are pending before the trial court.

And, Apple provides no authority for its assertion that complete identity between the discovery it seeks from non-party Omni and the discovery it seeks from

---

[2] Apple's discussion of the plaintiff's subpoenas in other forums regarding other subject matter, *see* Opp. at 8 & D.I. 20-2, is immaterial to resolution of the specific subject matter of Apple's subpoena to Omni, which is live before the trial court.

4

the party would be required for this Court to transfer the proceedings, nor can it. A finding by the trial court that "discovery into third party investors" is not relevant to the Litigation would bear directly upon the discovery Apple seeks from non-party Omni.

As is evident from the Joint Case Management Statement, the posture of the discovery disputes in the Litigation is complex, and the trial court remains best situated to avoid inconsistent rulings and resolve the related party and non-party disputes about this subject matter. *See* Mot. at 3; *see also* D.I. 18; *see In re Daimler*, 2023 WL 2456069, at *1.

## V.     Transfer of the Fully Briefed Motion Would Not Cause Delay

Finally, Apple argues that transfer would prejudicially delay resolution of its motion to compel, but Apple cannot have it both ways: it claims on the one hand that "there is no danger of disrupting the issuing court's management of the underlying litigation" as "[s]everal months remain in fact discovery"; yet, argues on the other hand that Apple cannot wait for a ruling from the trial court as time in discovery is so short that transfer will "inject unnecessary delay in the proceedings that could disrupt the October 7 close of fact discovery." *Compare* Opp. at 6 *with* Opp. at 6. The facts speak for themselves: Apple's motion to compel is now fully briefed, the close of fact discovery in the underlying litigation is months away, and each and every party discovery dispute remains pending before the trial court. *See*

5

D.I. 22, D.I. 18 at 3, 4. Apple cannot credibly contend that transfer of its fully briefed motion to compel would disrupt the schedule in the underlying Litigation. *Cf. In re Daimler*, 2023 WL 2456069, at *1 (transferring the case seven days before the close of fact discovery).

Furthermore, as Omni explained in its Motion, Omni first asked Apple to stipulate to transfer months ago. Mot. at 4. Apple's radio silence persisted for two months before Apple filed its motion to compel. *Id*. To the extent the briefing on Apple's motion to compel and Omni's motion to transfer occurred later in time than Apple apparently preferred, Apple is the architect of its own misery.

These circumstances also distinguish the facts here from those Apple points to in *Markman Biologics*. Opp. at 5-6 (contending the *Markman Biologics* court "viewed the motion to transfer as a delay tactic") (citing *SEC v. Markman Biologics Corp.*, No. 23-432, 2023 U.S. Dist. LEXIS 226968, at *4-5 (S.D.N.Y.). The decision in *Markman Biologics* was responsive to the subpoenaed party's refusal to respond not only to the subpoena, but also to the Court's subsequent order to show cause. "Respondents were served with the Subpoenas in early October, did not object, were warned by Movants' counsel that their continued silence would result in motion practice, and failed timely to respond to the Court's order—a history of delinquency which Respondents do not contest." *Markman Biologic*, 2023 U.S. Dist. LEXIS 226968, at *4-5. By stark contrast, Omni diligently responded to the subpoena, to

6

meet and confer requests, and to Apple's motion to compel; there is no history of delinquency here other than Apple's.

## CONCLUSION

In light of the foregoing, Omni respectfully requests that the Court grant its Motion to Transfer.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Brian P. Egan*

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Respondent*
*Omni Bridgeway (USA) LLC*

OF COUNSEL:

Jennifer A. Kash
Francesca M. S. Germinario
WARREN KASH WARREN LLP
2261 Market Street, Suite 606
San Francisco, CA 94114
(415) 895-2940

August 2, 2024

7

## **CERTIFICATION OF COMPLIANCE**

Pursuant to the Court's November 10, 2022 Standing Order Regarding Briefing in All Cases, Respondent Omni Bridgeway (USA), LLC hereby certifies that Respondent's Motion to Transfer complies with the word count, type and font requirements as follows: (1) the font used in Respondent's motion and all associated documents is Times New Roman, 14 point; and (2) the word count for such motion is 1,537, whereas the maximum amount of words allowable per Local Rule 7.1.3 and the November 22, 2022 Standing Order is 2500 words.

*/s/ Brian P. Egan*

Brian P. Egan (#6227)

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 2, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Brian A. Biggs, Esquire<br>DLA PIPER LLP (US)<br>1201 North Market Street, Suite 2100<br>Wilmington, DE 19801-1147<br>*Attorneys for Petitioner Apple Inc.* | *VIA ELECTRONIC MAIL* |

*/s/ Brian P. Egan*
_____
Brian P. Egan (#6227)